Judge Eioing

delivered the Opinion of the Court.
This was a bill brought by the appellant, against Morford and bis two sons-in-law, to set aside a sale of land, glares and other property charged to have been made to hinder and delay the creditors of Morford.
The badges of fraud are so numerous as to leave no reasonable ground to doubt, of the fraudulent intent with which the whole of the assignments and conveyances made by Morford, were contrived and made. Nor can we ¿cmbt that the pretended vendors were cognizant of the motive and intention, and privy to the whole contrivance,
1. It was a conveyance of all the property of the debtor, of value. 2. It was made pending the suit of a creditor; and (3) of property, some of which he acquired by purchase, a few months before — the land as a residence for his family, and the negro man to assist in bis business, and materials and tools for plough-making, essential to a business, in which he had been very successful. And, though the property was advancing in value, he sold, or pretended to sell, for a much less price than he gave. 4. It has been so made and contrived as to concentrate the whole property in his two sons-in-law. 5. He has remained in possession, and enjoyed, and continues to enjoy virtually, the benefit of the whole property as before, except perhaps the negro girl; and pursues his old trade in the same shop, and upon the same farm.The name is changed but the substance and reality are the same. 6. The transaction was secret. No human eye, from aught that appears in proof, saw the money paid, that is pretended to have been paid down, for the land, or the cash note ; nor did any person anticipate or hear of those large trades that were taking place; all is *451 still till the execution comes, then suddenly, all these big trades are developed; the title of all the debtor’s effects have passed away from him', but it all lights- in his family. 7. The greater part of the purchases are made by a son-in-law, who was a silver-smith by trade, living in a neighboring village, who has continued to follow his trade, and who had no-use-for the property, and has never applied it to his personal use. And ail these striking badges of fraud, are sealed with the declaration of the debtor, made beforehand, that he would fix his property so as to hinder and baffle a creditor.
Can it be believed that this sudden- transition in the property, prospects and plans of the debtor, has taken place, and his sons-in-law or his intended sons-in-law, the inmates or confidents of his family, had no knowledge, suspicion or intimation of his motive? We must deny to them the power of ratiocination, to come to such a conclusion. As rational reflecting beings, if no word was spoken, or a nod of the head given, they must have perceived the object, even if the father-in-law had been more taciturn and secret in his family than he had been to the creditor, to whom he made known his intentions; which cannot be presumed. Besides, they saw the plans, which are the badges of fraud; and participated in the contrivance of most of them.
Why should Gilpin purchase a note on a debtor, in Mississippi, and pay cash for it, when he was laying out such large sums' to buy slaves, not to use, and' a plantation, not to live on? Why, withdraw his cash from the profitable use to which he had been applying it, to wit: loaning and shaving, to vest it in property, which could riot yield the.same profit, and for which he had no use? Why purchase the man who seems to have been purchased' before in the name of the infant children, of Morford, and paid for by money deposited in his bands ? must he not have been aware that that contrivance would not do, and intendéd to aid in making it more complete? We will not spend time in enumerating further the evidences of fraud in this case. The whole of the conveyances are void as against the complainant.
The decree of the Circuit Court is reversed, and the; *452 cause remanded that so much of the property conveyed by Morford, except the slave Octavius, as may be necessary, may be sold to satisfy the complainant’s demand and costs. The slave Octavius having been purchased in the names of the infant children ol Morford, and they not being before the Court, and as there is enough of property to satisfy the complainant’s debt without him, it will not be necessary to subject him to sale; nor do we decide as to his liability.