Napper, &c., v. Yager, &c.

| | |
|---|---|
| 2r | 241 |
| 87 | 362 |
| 79 | 241 |
| 88 | 128 |

CASE 44—EQUITY—FEBRUARY 15, 1881.

## Napper, &c., v. Yager, &c.

APPEAL FROM NELSON CIRCUIT COURT.

A suit instituted for the purpose of having conveyances set aside as voluntary and made to hinder and delay creditors, cannot be maintained without a judgment and return of *nulla bona*.

JNO. H. WATHEN FOR APPELLANT.

When a demand is purely legal, before attacking a conveyance as fraudulent, the plaintiff must have had his judgment and return of no property, otherwise his action cannot be maintained. (Halbert v. Grant, 4 Mon., 581; Poague v. Vance, 6 J. J. Mar., 83.)

Napper, &c., v. Yager, &c.

C. T. ATKINSON AND MUIR & WICKLIFFE FOR APPELLEES.

1. There is no doubt from the proof that the conveyances were fraudulent. (Gen. Stat., chap. 44, art. 1, secs. 1, 2; chap. 44, art. 2, sec. 1; 11 Bush, 353; Cogar v. Stewart, MS. Opin., 1879; Gen. Stat., chap. 24, secs. 2–14.)

2. A return of *nulla bona* is not necessary. (Haskell v. Wynn, MS. Op., 1877, Barb. Dig.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

At the time the deed from Richard Napper to John H. Napper was made the latter was not a creditor of the former, and consequently the deed did not operate to prefer him as a creditor.

The deed was made in compliance with the bond executed in 1874, five years before the deed was executed.

At the time of the execution of the bond John was a creditor, and his debt was satisfied by crediting it on the price he agreed to pay for the land. But that transaction is not attacked. There is no allegation that Richard Napper made the bond in contemplation of insolvency, or with the design to prefer one or more creditors to the exclusion, in whole or in part, of others. And it is quite clear, that if no such facts existed when the bond was made, its validity cannot be affected by Richard's subsequent insolvency.

If it had been alleged and proved that Richard made the bond in contemplation of insolvency, and to prefer John as a creditor, the fact that a deed was made and recorded within six months before these suits were commenced would have raised the question, whether the period limited in the statute for commencing a suit to enforce its provisions commenced to run when the bond was executed and possession taken under it, or not until the recording of the deed. But as no attack was made on the contract evidenced by the bond, no such question arises.

We are therefore of the opinion that the appellees failed to make out against John H. Napper a case coming within the provision of article 2 of chapter 44 of the General Statutes.

Ludwick denies that he was a creditor of Richard Napper at the time the deed to him was made. The evidence shows that he married Napper's daughter in 1872, and that it was soon afterward agreed between Napper and himself that he should let Napper have whatever money he could spare from time to time, and should receive a conveyance of land at a reasonable price for the money so advanced. Under that agreement, Ludwick took charge of the farm, and advanced money to Napper, and boarded a young lady for him, to the amount in the aggregate of more than $700, and under that agreement the deed in question was made.

The money thus advanced did not create the relation of debtor and creditor. The money was not to be repaid in kind. It was received in payment for land Napper had agreed to convey, and although the agreement was in parol, and could not have been enforced by Ludwick, yet he would not become a creditor on account of the payments so made until the contract was repudiated by Napper, and as that was never done, he never became a creditor; and the conveyance was therefore not within the statute.

The suits brought to have the conveyances set aside as voluntary and made to hinder and delay creditors were premature.

Such suits cannot be maintained without judgment and return of *nulla bona*. (Moffat v. Ingham, 7 Dana, 495; Halbert v. Grant, 4 Mon., 581; Poague v. Boyce, 6 J. J. Mar., 83.)

In Haskell v. Wynn, MS. Opinion, cited in section 130, Barbour's Digest, title "Fraudulent Conveyances," one of several plaintiffs in consolidated suits had a return of no property.

Wherefore, the judgments are reversed, and causes remanded with directions to dismiss absolutely so much of the petition of Mrs. Yager and the cross-petition of Foxworthy as seeks relief under article 2, chapter 44, General Statutes,, and to dismiss the residue without prejudice.