VANCE *v.* CAMPBELL ET AL.

[Kentucky Law Reporter, Vol. 3—448.]

**Fraudulent Conveyance—Setting Aside—When Suit Will Lie.**

A court of equity has jurisdiction to set aside a fraudulent conveyance and subject the property to payment of the grantor's debts either where the creditor proceeds by attachment under Civ. Code (1876), § 194, Subsec. 7, or where he has first reduced his claim to judgment and there has been a return of no property found.

**Fraudulent Conveyances—Repeal of Statute—Equitable Relief.**

Act 1838, 3 Stat. Laws, 116, authorizing suit in equity to set aside a fraudulent conveyance and subject the property to a creditor's claim, although the claim has not been reduced to judgment, and permitting attachment, is repealed by Civ. Code and Gen. Stat. relating to the same subject.

APPEAL FROM NICHOLAS CIRCUIT COURT.

December 6, 1881.

OPINION BY JUDGE HINES:

Appellant, having a claim against the appellee, Sallie Campbell, for $375, evidenced by note, and holding a lien on a piano to secure its payment, instituted an action in equity in which he alleged the existence of the lien, charged that appellee, Sallie Campbell, had fraudulently disposed of a certain tract of land to R. S. Campbell, for the purpose of cheating, hindering and delaying her creditors, and prayed for an attachment. The attachment was issued and levied upon the piano and upon the land, and on hearing the court discharged the attachment and dismissed appellant's petition, but

adjudged to him the proceeds of the sale of the piano ($205), which had been sold under an order of the judge of the county court.

The principal inquiry is, did the court have jurisdiction to set aside for fraud the conveyance made by the appellee, Sallie Campbell, to R. S. Campbell, before appellant had obtained a judgment at law and a return of no property? We are of the opinion that the court should have entertained jurisdiction. There are two instances in which a creditor can go into a court of equity for the purpose of setting aside a fraudulent conveyance and for the purpose of subjecting the property to the payment of his debt. One is where he proceeds by attachment upon the grounds specified in Civ. Code (1876), § 194, subsec. 7, and the other is where he has first reduced his claim to judgment and had return of no property.

In construing the Act of 1838, 3 Stat. Laws 116, which authorized a suit in equity, notwithstanding the claim had not been reduced to judgment, and permitted an attachment, it was held that the power of the court to subject the property did not depend upon the levy of an attachment. *Milward v. Cochran,* 7 B. Mon. (Ky.) 344. It is now suggested that that act is still in force and practice and the same is allowable. This we think is not correct. Without reference to previous statutes, it appears clear that the General Statutes and the Civil Code repeal the act of 1838. General Statutes (1879), Ch. 44, § 1, is, in substance, so far as it defines the fraud, the same as the Act of 1838, omitting any reference to jurisdiction or manner of proceeding, while § 194 of the Civ. Code provides for proceeding by attachment with bond, and § 439 of the Civ. Code provides for proceeding without bond on return of no property. There is legislation upon a subject embraced by the Act of 1838, which must be taken to cover the whole field intended to be covered by the statutes.

The cases recently decided by this court and relied upon by counsel for appellees were not proceedings by attachment, and therefore the question here under consideration was not discussed. *Napper v. Yager,* 79 Ky. 241, 2 Ky. L. 260, and *Haskell v. Wynne,* 9 Ky. Opin. 251. The rule there laid down is that in force prior to the Act of 1838, and we think it is correctly laid down when the party does not undertake to proceed by attachment under § 194 of the Code, as in this case.

Under the facts of this case, appellant's attachment should have been sustained, judgment should have been entered for the amount

24

claimed, the conveyance to R. S. Campbell set aside, and the land subjected to the payment of the debt.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion. Judge Hargis not sitting.

*Hargis & Norvell, for appellant.*

*Ross & Lytle, for appellees.*

[Cited, *Barton v. Barton,* 80 Ky. 212, 3 Ky. L. 746.]

