CASE 40—EQUITY—APRIL 4, 1882.

# Barton, &c., v. Barton, &c.

APPEAL FROM GRAVES CIRCUIT COURT.

1. Without a judgment and return of "no property found," and without attachment under any of the grounds authorized by the Civil Code, appellees had no right to go into a court of equity to set aside an. alleged fraudulent conveyance in order to subject the property to a demand purely legal.

2. But appellant having made an issue upon the averment of fraudulent. conveyance, and tried the case without any objection by demurrer or otherwise, it is now too late to raise the question in this court.

3. The conveyance is fraudulent as to creditors.

Barton, &c., v. Barton, &c.

W. W. TICE FOR APPELLANTS.

1. The conveyance from Wade Barton to his daughter is founded upon a valuable consideration. It was executed in good faith, without any element of fraud whatever. (17 B. Mon., 42; Whitehead v. Woodruff, 11 Bush, 213; Wintersmith v. Pointer, 2 Met., 460; 18 B. Mon., 201; 3 Met., 539; 2 Duv., 278; Ib., 371; 8 Dana, 15; Woolfolk v. Overton, 3 Litt., 21; 8 B. Mon., 566; 5 Litt., 12; Payne v. Powell, 5 Bush, 248; Perry on Trusts, 1 vol., 86; Ib., 97.)

2. Appellees had never obtained a judgment and return of "no property found."

W. M. SMITH FOR APPELLEES.

The conveyance was fraudulent as to creditors, and the court properly set it aside. (Smith v. Smith, 5 Bush, 632; Perry on Trusts, vol. 1, p. 66; Ib., 74; 6 Bush, 589; Tiffany & Ballard's Law Trusts, 354; Perry on Trusts, 96.)

E. W. HINES FOR APPELLEES.

1. Although there is no judgment nor return of *nulla bona,* yet, inasmuch as appellant failed to demur, and instead thereof made the issue of fact, it is now too late to make the question in this court.
2. The conveyance is fraudulent.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

There having been no judgment at law, and no return of "no property," and no attachment under any of the grounds authorized by the Code, appellees had no right to go into equity to set aside an alleged fraudulent convey-ance in order to subject the property to their demand, if purely legal, as decided in Vance v. Campbell, MS. Op., 1882; but appellant having made an issue upon the charge of fraudulent transfer, and tried out the cause without ob-jection by demurrer or otherwise to the exercise of juris-diction by the court, it is now too late to raise the question of a necessity of a return of "no property." Appellees would have been bound by an adjudication adverse to them, because they had invoked the jurisdiction, and appellant will likewise be estopped to raise the question, because, by

failing to object, he has consented to the exercise of the: jurisdiction, and has, in fact, invoked it.    He would not be allowed to rely for protection upon the decree, if favorable, and to renounce it if unfavorable.    This is unlike a case where the court has no jurisdiction of the subject-matter, for in such case no consent can give jurisdiction; but here the court had jurisdiction to adjudge whether a conveyance or transfer of property was fraudulent, provided certain steps had been taken, and a failure to raise the question as. to whether such steps had been taken is. akin to submission. of the person to the jurisdiction where there has been no service of process, which may, in all cases,. be done when. the subject-matter may otherwise be inquired of by the court.

We waive the question as to whether the circumstances. of the gift of the land, where there was no conveyance, were such as to vest an equity in the donee,. so that a court. of equity might have compelled a completion of the gift, for, in our opinion, the evidence shows an enforceable trust. in the proceeds of the land, such as to give jurisdiction to a court of equity, independent of the requirement that there should be a return of "no property," or proceeding by attachment to authorize a court of equity to set aside a fraudulent conveyance.

The evidence establishes, to our satisfaction, that it was agreed between Ben. Barton and appellant ·that if Ben. would surrender the premises with the improvements, that the proceeds of the land should belong to Ben., and should be held by appellant for him.. The facts that the deferred payments on the land were evidenced by notes made payable to appellant does not necessarily negative that conclusion, because not inconsistent with it. If that is not sufficient

to create an enforceable trust, the subsequent transactions are. After the death of Ben. the evidence shows that appellant agreed, in consideration of being allowed to wind up the estate of Ben. without administering, that he would account to the widow and children for the proceeds.

Appellant subsequently gave to the widow a written statement, in his own handwriting, in which the amount in his hands for the children is specified, and the widow testifies that this amount was the proceeds of the land. This sum appellant loaned out for the children, as stated by him in his correspondence with the widow. He repeatedly and expressly recognized that this specified sum, as proceeds of the land, belonged to the children, and that he held it in trust for them. Nothing remained to be done on his part to create himself trustee for the children. His refusal to pay it to the widow as guardian was not a renunciation of the trust, because he expressly places the refusal upon the ground that the widow was not the proper person to control it, and that there was danger of the children losing it if it passed into the hands of others. He at no time asserts any claim to the money until the parties to whom he had loaned the greater part of it had failed. The gift in this instance might well be supported on the ground of a valuable consideration, which was the surrender of the personal property and the privilege of winding up the estate; but this is not necessary to determine, as it was clearly a consummated or perfected gift, · independent of consideration. There was a clear and explicit declaration duly executed, and intended to be binding upon himself as trustee. (Perry on Trusts, section 96.)

Such being the case, and the evidence showing that the transfer of the property by appellant to his daughters was.

made for the purpose of defeating this claim, the court properly adjudged these transfers, as against this claim, invalid.

Judgment affirmed.

---

Case 41—MOTION TO DISMISS—April 6, 1882.