CITY OF NEWPORT *v.* NEWPORT AND CINCINNATI BRIDGE COMPANY

[Abstract Kentucky Law Reporter, Vol. 7—165.]

**Pleading Conclusions.**

In a petition by a city to subject property to sale to pay taxes, the mere conclusion of the pleader that the tax was duly and regularly imposed, is not a statement of any fact or facts authorizing the court to say that the tax had been properly imposed, and where nothing appears in the answer admitting such facts the petition will be held insufficient, even when attacked for the first time in this court.

APPEAL FROM CAMPBELL CHANCERY COURT.

May 28, 1885.

OPINION BY JUDGE PRYOR:

While we can not concur in the reasons assigned by the court below for dismissing the petition, it being well established that such property as this may be subjected to local taxation, we must affirm the judgment below, because of the insufficiency of the petition. There is no admission made by the answer, or any affirmative statements contained in it, that will supply the defects of the petition. The conclusions of the pleader that the tax was duly and regularly imposed, is not a statement of any fact or facts that would authorize the court to say the tax had been properly imposed. Here it is. claimed is a tax list made by the board of equalization, assessing or listing the property of the bridge company for taxation, by reason of the failure of the company to list it, and then the present petition filed to enforce the lien without even averring a demand,

and in the absence of any assessment showing that any tax had been levied.

The facts showing that the city legislature had imposed the burden in accordance with its charter, should have been specifically alleged and established unless admitted by the answer, before this lien could be enforced. The fact that no demurrer was interposed will not authorize the implication that the facts essential to a recovery had been alleged, and the answer can not be said to have admitted any fact necessary to be alleged, in order to present a cause of action. This is not a question of jurisdiction, but one as to the right of recovery, admitting the statements of the petition to be true. When a petition is bad on general demurrer, the answer does not cure the defect, unless by some statement of the answer, the defect in the petition is made good. The averment that the tax has been levied or the proceedings had in strict conformity to the charter, is but a conclusion of the pleader as to the law of the case from the facts before him. The proceeding here is against a delinquent taxpayer.

In the first place the taxes must be levied, and this essential requisite to a recovery is not alleged, nor any preliminary step required to be taken by those authorized to collect the tax, as required by the charter.

The case of *Barton v. Barton,* was an action in equity to set aside a conveyance upon the ground of fraud. The main fact essential to a recovery was alleged and denied, and there was a waiver of the jurisdiction by a court of equity in failing to object by demurrer or otherwise.

As said in *Riggs, et al. v. Maltby & Co.,* "Verdicts and judgments which have been rendered, upon substantial issues of fact, fairly presented by the pleadings should not be disturbed on account of mere technical defects, not affecting the merits of the controversy."

In that case, the answer cured the defects of the petition, and unless the petition is made good by the answer, the failure to make the objection that the statements of the petition fail to present a cause of action, is not a waiver of the right to make the objection for the first time in this court.

The property of the appellee may be liable for the taxes, or so much as lies within the limits of the city of Newport, but such an issue does not determine expressly or by implication that the tax

32

has been properly imposed; and if not properly imposed, the lien can not be enforced. In our opinion the facts stated in the petition fail to present a cause of action, and for that reason the judgment is *affirmed*. *Barton v. Barton*, 80 Ky. 212, 3 Ky. L. 746.

Judgment *affirmed*.

*A. Duvall, A. T. Root, for appellant.*

*W. Lindsay, for appellee.*