CASE 18—PETITION EQUITY—JANUARY 15.

# Kyle v. O'Neil, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

FRAUDULENT CONVEYANCES.—A creditor can not sue to set aside, as fraudulent, a conveyance made by his debtor, or by a third party at the debtor's instance to property really belonging to the debtor, unless he has obtained a judgment against the debtor and return of "no property," or sues out an attachment against the property.

LANE & BURNETT FOR APPELLANT.

No brief in record.

MATT O'DOHERTY FOR APPELLEES.

No action can be maintained to set aside a conveyance for fraud, and to subject the property to a demand purely legal, until there has

Kyle v. O'Neil, &c.

been judgment and return of "no property." (Napper v. Yager, 79 Ky., 243; Evans v. Reay, 3, Ky. L. R., 493; Vance v. Campbell, 3 Ky. L. R., 449; Barton v. Barton, 80 Ky., 212; Martz v. Pfeifer, 80 Ky., 600.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

This action is brought upon the promissory note of the husband alone. It assails a conveyance made to the wife by a third party subsequent to the creation of the debt, and seeks to subject the land to its payment. The averments of the petition must be taken as true upon demurrer. The material ones to the question presented are that the husband is insolvent, that he paid the grantors for the land, and had it conveyed to his wife to defraud his creditors.

The demand is purely a legal one; and in such a case the creditor can not invoke the aid of a court of equity to assail, as fraudulent, a conveyance made by his debtor, or one made by a third party at the debtor's instance to property really belonging to him, save in two ways, to-wit: he must first obtain a judgment and a return of *nulla bona;* or if he desires to proceed against the property at the outset, then he can only do so by suing out and prosecuting an attachment as provided by the Code of Practice. This rule is now so well settled in this State that its propriety is not open to question. Both its existence and its wisdom have been declared by repeated decisions of this court.

It has long been the rule that actions to annul voluntary conveyances, and those made to defraud creditors, can not be maintained without first having judgment, and a return of "no property." (Napper,

&c., v. Yager, &c., 79 Ky., 241.) The reason is that a resort to the legal remedy may satisfy the demand. Moreover the conveyance can not be questioned by the parties to it, and if the legal remedy be first pursued, third parties, whose rights may be entirely well founded, may never be involved in what may prove to be vexatious and prolonged litigation. In order, however, to give a more speedy remedy, the Code authorizes the creditor to proceed in the first instance against the property by suing out an attachment. This, while it affords the creditor an ample remedy, protects both the debtor and the grantee. The latter, if it appear he purchased in good faith, may sue for a wrongful seizure of his property, while the debtor, if the attachment be discharged, may look to the bond for indemnity. In this mode of proceeding, a lien is created, and the court subjects the property by virtue of its seizure under the attachment, provided it be sustained.

If the creditor could, at the outset, and without either a return of *nulla bona* or suing out an attachment, assail the conveyance, third parties would be involved, when the legal remedy, had it been pursued, might have proven ample; and this too, however wrongful might be the proceeding, without any bond being executed to the debtor, or any seizure of the property, although a *lis pendens* would be hanging over it, however protracted might be the litigation. Former decisions have, however, presented the reasons for the rule so fully and forcibly, that further discussion of the matter would be but repetition, and it is sufficient to merely re-declare the rule. (Barton, &c., v. Barton, &c., 80 Ky., 212; Martz v. Pfeifer, &c., 80 Ky., 600.)

vol. 88—9

It matters not whether the debtor is the grantor, or whether, having paid the consideration, he causes. another to make the conveyance to the third party. In the one case the statute declares the conveyance to be void, and in the other fraudulent. The reasons for the rule apply equally in each case.

In this instance the creditor had obtained no judgment and return of *nulla bona* against the husband, who was the debtor, nor had he sued out any attachment against the property; and the lower court properly held that the averments of the petition were insufficient to authorize any relief against the wife, who was the grantee.

Judgment affirmed.