Behan, &c., v. Warfield.

CASE 23—PETITION EQUITY—APRIL 17.

## Behan, &c., v. Warfield.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. SUIT TO SET ASIDE FRAUDULENT CONVEYANCE.—A return of "no property" will not support a suit to set aside a conveyance as fraudu-lent unless the execution so returned was one under which land could have been levied on and sold. Therefore, a return of "no property" upon an execution from the quarterly court will not support such an action, nor will it entitle the creditor to proceed by attachment to subject the land fraudulently conveyed.

2. SAME.—Where a suit to set aside a fraudulent conveyance has been tried out in the lower court upon the issue as to the validity of the conveyance, it is too late to object upon appeal for the first time that the plaintiff did not have a return of "no property;" and it is imma-terial that the defendant died after her answer was filed, and that her devisees, who were made parties, are infants. They stepped into her place as to the further prosecution of the issue.

G. W. WILLIAMS AND SON FOR APPELLANTS.

1. The return of "nulla bona" upon an execution issued from the quarterly court did not authorize the clerk of the circuit court to

issue an attachment without bond, and, therefore, the attachment was void. (Civil Code, sec. 439; Austin v. Payne, &c., 7 Bush, 480; Weatherford v. Myers, 2 Duv., 91.)

2. A return of "*nulla bona*" by the proper officer is necessary to the *jurisdiction* of the court to set aside a fraudulent conveyance of land unless a valid attachment has been levied on the land and sustained. (Martz v. Pfeifer, 80 Ky., 600.)

3. It being a question of jurisdiction, and the appellants being infants, they can not have waived any defense by failing to demur, or by the answer made to the merits by their guardian *ad litem.* In fact, the *amended* petition making appellants parties to the action states no cause of action against them. (Weatherford v. Myers, 2 Duv., 91; Maddox v. Fox, 8 Bush, 402.)

SAME COUNSEL IN PETITION FOR REHEARING.

Mrs. Behan, who was only constructively summoned, never appeared, answered or made any other issue than that which the law makes for persons constructively summoned, and so did not waive her right to object to the jurisdiction of the court.

    The answer signed by the attorney for the non-resident was never filed by order of court, and is no part of the record; but if it can be considered, it did not enter the appearance of the non-resident, as the attorney made no report that he was employed by the defendant. (Civil Code, sec. 59, subsecs. 2, 3, 4, 5.)

JOHN ALLEN MURRAY FOR APPELLEE.

1. A return of "no property" upon an execution from the *circuit* court was not necessary to give jurisdiction. A proper officer has returned the execution, issued from a proper court, on a proper judgment, and this is all that the statute requires. (Civil Code, sec. 439.) No attachment bond upon which action might lie for damages was necessary. (Martz v. Pfeifer, 80 Ky., 600.) Section 439 of the Code includes all judgments rendered by any of the courts of this Commonwealth, and is the only kind of action that can be maintained upon a judgment of a court of this State. (Davidson v. Simmons, 11 Bush, 333.)

2. The answer of Mrs. Behan put in issue nothing but the question of fraud, and she having died pending the action, the guardian *ad litem* of her infant devisees adopted the allegations of her answer. Therefore, all other defenses were waived.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, Thomas W. Warfield, having a return of *nulla bona* upon an execution issued from a quarter-

ly court against Marion J. Behan, brought this action, assailing a conveyance of a house and lot by the debtor to his mother, Clarinda Behan, as fraudulent, and seeking to subject the property to the payment of his judgment.

The lot was purchased by the debtor after the creation of the appellee's debt, and it is evident the conveyance to the mother was fraudulent. It was made after the suit had been brought in which the judgment was obtained, and ten days before it was rendered. The grantee was the mother of the debtor, and a non-resident of the State. The consideration recited in the deed to her is only one-third of the fair value of the property, and after it was made the son exercised control over it as before, even to the extent of improving it considerably. Neither of them has testified in the case; and this silence, in view of the circumstances just alluded to, is significant upon the question of fraud.

The appellee, upon the bringing of this action, sued out an attachment, but without executing any bond, and it was levied upon the house and lot. The averments of the petition are not sufficient to authorize an attachment under the provisions of our Code of Practice, and it is evident it was issued under the belief that the return of "no property" upon the quarterly court execution authorized it.

It is well settled that a creditor, where his demand is a purely legel one, as is the case here, can not invoke the aid of a court of equity to assail a conveyance by his debtor as fraudulent, unless he first obtains a judgment upon his debt, and a return of *nulla bona*, or

else sues out an attachment against the transferred
property, as provided by our Code, in case he chooses
to proceed against it at the outset, and without waiting
to get the return of "no property." He may pursue
either course, but must follow one of them. The
reasons for this rule have been so often stated by
this court that they need not be repeated. (Martz v.
Pfeifer, &c., 80 Ky., 600; Kyle v. O'Neil, &c., 88
Ky., 127.)

Section 722 of our Code provides, however, that land
can not be levied on or sold under an execution from
a quarterly court, and the reason of the above rule,
therefore, requires that if a creditor wishes to base a
suit in equity to set aside a conveyance of land as
fraudulent upon the ground that he has obtained a
return of *nulla bona*, it must be upon an execution
under which land could have been levied upon and
sold. If, therefore, his judgment be in the quarterly
court, he must, after an execution issued upon it has
been returned "no property," obtain a transcript of
the proceedings, file them in the clerk's office of the
circuit court, and have an execution issued from there,
as provided by section 723 of the Code, and returned
"no property." He may then, but not until then,
if he be proceeding upon the ground that he has a
return of *nulla bona*, assail a conveyance by the debtor
of his land. He may, of course, without obtaining
such a return upon an execution from the circuit
court clerk's office, proceed by garnishment to sub-
ject to the payment of his debt any property of the
debtor over which the quarterly court has jurisdic-
tion; but if he would subject land which the debtor

has fraudulently conveyed, and wishes to proceed upon the ground that he has a return of *nulla bona*, then he can not do so unless the execution so returned was one under which land could have been levied on and sold.

It is, therefore, urged that, as only personalty could be seized under the appellee's execution, the clerk of the circuit court had no power to issue an attachment without bond, and that it and the levy under it are void. In short, that the circuit court had no jurisdiction to annul the conveyance to Mrs. Behan, and order a sale of the lot, because there was no such return of *nulla bona* as authorized the suit.

This objection is now, for the first time, made. It was not presented in any way in the lower court. The answer of Mrs. Behan put in issue the validity of the conveyance to her. It made no other question. The case was tried out upon this single issue; and it was decided by this court, and properly as we yet think, in the case of Barton, &c., v. Barton, &c., 80 Ky., 212, that where this is done the question can not, for the first time, be raised in this court whether the creditor has taken the preliminary step which authorized him to present the question to the debtor or his grantee for issue.

If the result had been adverse to the appellee, he would have been bound by it. The appellants can not be permitted to rely for protection upon the decree if favorable to them, but if unfavorable, to now, for the first time, question it because a step was not taken by the appellee which was necessary to enable him to present a question which they, without objection, put in issue, and contested up to judgment.

The parties were before the court, the attachment was levied upon the property, and, as said in the case last cited, "here the court had jurisdiction to adjudge whether a conveyance or transfer of property was fraudulent, provided certain steps had been taken, and a failure to raise the question as to whether such steps had been taken is akin to submission of the person to the jurisdiction where there has been no service of process, which may in all cases be done when the subject-matter may otherwise be inquired of by the court."

It matters not that Mrs. Behan died during the pendency of the action in the lower court, and that some of her devisees, who were made parties, are infants. She had, by her answer, accepted the issue. By so doing she had already waived any question preliminary to it. They stepped into her place as to the further prosecution of the issue. Their guardian *ad litem*, by his answer, merely adopted the one she had filed, and which invited the court to hear and determine the validity of the conveyance to her. Having done so, it is too late, upon an appeal, to say, for the first time, that the opposing party had not put himself in a position to present the question.

Judgment affirmed.