## TYLER TERM, 1891.

TEXAS & PACIFIC R'Y CO. v. LEE WHITE.

(No. 3824.)

APPEAL from Wood County.    Opinion by DAVIDSON, J.

W. B. TEAGA¹ DE ₁, counsel for appellant.

B. B. HART and W. M. GILES, counsel for appellee.

§ 259. *Carrier of passengers; regulation of running of train of, held to be reasonable.* The first assignment of error is as follows: "The court erred in refusing to submit to the jury defendant's special charge, as follows: 'The proof in the case shows that defendant operated two daily passenger trains each way over its line of railway, passing Lake Fork switch, plaintiff's destination, at the time in question. The regulation that one of these trains each way shall not stop at all stations is a reasonable one, and one the defendant had a right to make, and it would have been sufficient notice of that regulation to plaintiff, if the agent at Mineola informed him of it when he purchased the ticket, or if the conductor in charge of the train, while yet at Mineola, informed him that his train would not stop at Lake Fork, and requested him to get off, and offered him the opportunity to do so at that place; and if plaintiff, after such notice, refused to get off at Mineola, he was then a trespasser on the train, and the conductor in charge had a right to eject him in a proper manner, had he seen fit to do so, and plaintiff would not be entitled to recover merely for being refused the privilege of having the train stopped at Lake Fork for him to debark. If you believe from the evidence that plaintiff took offense unnecessarily at the

language of the conductor, and that the language was not intended to offend, then plaintiff would not be entitled to recover for injury to his feelings resulting therefrom.    A person who, by his own fault or negligence, has brought upon himself a loss or any injury, can claim no compensation therefor.' "    By the evidence it is shown that on April 20, 1890, the railroad put in force a schedule for the running of its trains by which Lake Fork switch was discontinued as a flag station for its night trains passing that station, and that, according to such schedule, said trains did not stop at that point.    This did not affect the running of its two day trains, each of which did stop at said switch, and that these two trains gave good service for the local business at that place, and were amply sufficient for said business, and many other small points along the line of the road.    The appellee testified that when he bought the ticket at Mineola the appellant's agent informed him that the night train no longer stopped at Lake Fork switch, because of the change of the schedule.    He got on the train, however, when it came into the depot at Mineola, and when he did so the conductor informed him also of the change in the schedule, and requested him to get off there, which he refused to do.    He testified that the conductor did not curse or abuse him, but repeated to him,  " You are only hunting a lawsuit, Lee."    The train carried appellee by Lake Fork switch to Hawkins, a station on the road beyond Lake Fork.    At this point the defendant left the east-bound train and awaited the arrival of the west-bound train, and upon its arrival boarded it for Lake Fork switch. He was doomed to disappointment again.    The conductor treated him kindly, but would not stop at Lake Fort switch to put him off, and carried him on to Mineola, from which point he returned on a day train the following day.    Before taking the train at Hawkins he was again notified by the agent that the train would not stop at Lake Fork switch, but would go on to Mineola.

The conductor apologized to him for telling him that he was "only hunting for a lawsuit." There are no station houses, platforms, or ticket agent at Lake Fork; nothing but a switch and a spur, saw-mill, and mill-houses. Notice was posted at Lake Fork, notifying the public of the change of schedule on April 20, 1890. While the appellee was not enabled to get off the train at the place he desired, he secured a fair amount of travel on the trains of the road without cost to himself. Under this state of case the special charge No. 1 asked by appellant should have been given, and it was error to refuse to give it. [Railway v. Hassell, 62 Tex. 257; Beauchamp v. Railway Co., 56 Tex. 239.]

§ **260.** *Railroad company; right of to adopt regulations governing the running of trains; verdict held not to be supported by the evidence.* The appellant assigns as error the insufficiency of the evidence to support the judgment. A railroad has the right to adopt reasonable regulations with reference to the time of starting and running its trains for the transportation of passengers, the time to be fixed by public notice, and shall take passengers at, from and to such places, etc. [R. S., art. 4226; Beauchamp v. Railway Co., 56 Tex. 239.] Where a party insists on traveling on the trains, after the schedule time has been published, to a point where he is informed the train will not stop, he cannot recover damages for being carried beyond that point. [Same authority.] We are of opinion that the verdict is not supported by the evidence, but is contrary thereto. For the errors indicated the judgment is reversed and the cause remanded.

October 31, 1891.          Reversed and remanded.