## Siddens, et al. v. Ennis, Trustee, etc.

(Decided January 28, 1927.)

### Appeal from Warren Circuit Court.

1. Appeal and Error—Court of Appeals has no Jurisdiction of Appeal Involving Costs Only (Ky. Stats., Section 950-1).—Under Ky. Stats., section 950-1, Court of Appeals has no jurisdiction of appeal involving only item of costs.

2. Fraudulent Conveyances—Creditor Alleging Fraudulent Transfer to Debtor's Wife has Burden of Proof Thereof (Ky. Stats., Section 2127).—Under Ky. Stats., section 2127, creditor alleging fraudulent transfer to debtor's wife has burden of proving facts constituting alleged fraud, and integrity of purpose in such transaction can only be overcome by direct or circumstantial proof sufficient to produce conviction of existence of fraud.

3. Bankruptcy—Evidence in Trustee's Action to Recover Property Fraudulently Conveyed to Bankrupt's Wife Held to Show Payment by Wife.—In trustee's action to recover property alleged to have been fraudulent conveyance by bankrupt to wife, evidence held to show that payment for property alleged to have been fraudulently transferred was made with wife's own funds.

4. Appeal and Error—Court of Appeals Must Reverse Chancellor's Fact Findings, where Evidence Preponderates in Favor of Losing Party.—Court of Appeals not only has authority, but has duty, to reverse chancellor in his findings of fact, where evidence fairly preponderates in favor of losing party.

G. D. MILLIKEN for appellants.

RHODES & HARLIN and THOMAS, THOMAS & LOGAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal by William Siddens, and reversing judgment against Lucy B. Siddens.

Prior to December 2, 1924, Dr. Fred Siddens owned a dwelling house and lot in Bowling Green, Kentucky, upon which there was a mortgage in favor of his brother, the appellant and defendant below, William Siddens, for $5,000.00, with accumulated interest and some taxes paid by the mortgagee, amounting to $500.00, making a total indebtedness of $5,500.00. On that day Dr. Siddens and his wife, the appellant and defendant below, Lucy B. Siddens, conveyed the property to Hugh Hendricks for a consideration equal to the mortgage, interest and taxes due the mortgagee. The purchaser paid his check to the mortgagee in the amount of $3,500.00 and, pursuant to the contract, conveyed a house and lot in Sunnyside, Kentucky, to defendant, Lucy B. Siddens, for the remaining portion of the consideration, amounting to $2,000.00, and at the same time she paid the mortgagee the latter amount in satisfaction of his mortgage debt. On December 29, 1924, Dr. Siddens on his voluntary petition was adjudged a bankrupt, and the appellee and plaintiff below, M. M. Ennis, was appointed his trustee. He filed this equity action against William Siddens and defendant, Mrs. Lucy B. Siddens, alleging in his petition that the mortgage to William Siddens and its subsequent payment in the manner indicated, as well as the conveyance of the Sunnyside property to Mrs. Siddens, were each and all of them fraudulent and without consideration and made and done for the purpose of defrauding the creditors of Dr. Siddens, and especially one B. Claypool, who was his principal and largest creditor and whose debt was adjudged pursuant to the opinion of this court in the case of Claypool v. Francis, et al., 206 Ky. 117.

The answer denied the material averments of the petition and affirmatively alleged a valuable and full consideration for the mortgage, and also that the payment by Mrs. Siddens of the $2,000.00 as consideration of the conveyance to her of the Sunnyside property was made and done by her with money of her own and simultaneously with the conveyance. The answer was controverted of record and after evidence taken and submission of the cause the court adjudged the mortgage to William Siddens to be valid and gave no relief as against him, but

gave a judgment against him in favor of the trustee for the cost of the action, notwithstanding he succeeded in defeating all relief sought against him. But the court adjudged against Mrs. Siddens and ordered and directed a cancellation of the deed executed to her by Hendricks, and plaintiff, the trustee of Dr. Siddens, was adjudged to be the owner in his fiduciary capacity of the property conveyed by that deed, and to reverse that judgment defendants, Mrs. Lucy B. Siddens and William Siddens, prosecute this appeal.

The appeal by William Siddens must be dismissed, since the only matter complained of by him is the judgment that he should pay plaintiff's costs, and under the provisions of section 950-1 of our present statutes we have no jurisdiction of an appeal involving only the item of costs, and for that reason his appeal can not be entertained.

The appeal by defendant, Mrs. Lucy B. Siddens, raises only a question of fact. It was proven by her and her witnesses who testified in her behalf that she obtained from her mother's estate at the death of the latter in 1919 property of the value of something near $4,000.00. She deposited it from time to time in different banks, one of which was located in Louisville, and at one time loaned her husband $2,300.00 with which to buy a pool room in Glasgow. He held it about a year and sold it in consideration of a house and lot, but which is not involved in this action, and the deed to it was made to the wife in payment of that loan, and she afterwards sold the property. Every time the husband used or appropriated any of the money of his wife, so far as this record shows, it was subsequently repaid. The wife testified that some time after June, 1924, for reasons that she does not explain, but which might be surmised by us consistent with good faith, she put her money in a lock box in the Citizens' National Bank of Bowling Green, and which was owned by defendant, William Siddens. She and he testified that the $2,000.00 was paid in cash taken from that lock box at that bank; while the husband in giving his evidence before the referee in bankruptcy for the purpose of discovering the extent of his estate, testified that his recollection was that the money was paid by his wife at their home, and it is this contradiction between the bankrupt and his brother and wife that is strongly urged and

vigorously assailed as conclusive upon the issue of fraud and from which it is argued that Mrs. Siddens had no money of her own and, therefore, did not pay the $2,000.00 as claimed by her; or, if she did do so, that it was her husband's money and not hers.

We are not inclined to give the force and effect to that contradiction as do learned counsel for appellee. There is nothing to show that when Mrs. Siddens had her money on deposit in banks she drew any interest thereon, and in which case, if true, it would be equally as safe, if not safer, in a deposit box than as a general deposit in bank whereby it could be used by the latter in the transaction of its business and incur the hazard of a possible failure of the bank, none of which would be true in the case of a special deposit in a private lock box: and it is a matter of common knowledge that many persons, for either the reason expressed above or others deemed by them sufficient, prefer to adopt the latter method of preserving their cash together with their other valuables. It may be that since such method is not the usual and ordinary one adopted by the majority of people it would be sufficient to raise an adverse inference or suspicion, but if we should do so in this case we shall subsequently see that it is not sufficient to overcome the positive and uncontradicted proof furnished by appellee, her husband, the appellant, William Siddens, and other facts and circumstances in the case.

It is also argued that the sale of the Siddens residence to Hendricks, in which transaction he conveyed the Sunnyside property to Mrs. Siddens, was made and done with the especial and definite purpose to defeat the debt of Claypool, amounting to $1,750.00, with costs and interest; but that argument falls to the ground when it is remembered that at the time of the assailed transaction there was not only no debt in favor of Claypool, but at that time the circuit court of Warren county had so adjudged, and it was only because of our subsequently reversing that judgment that the Claypool debt was established. Our opinion so establishing that debt was rendered on December 12, 1924, ten days after the date of the transaction herein assailed. Surely, it could not be successfully argued that Mrs. Siddens, William Siddens and Dr. Siddens manufactured the evidence to which they testified, and embarked in the alleged fraudulent trans-

action in anticipation that this court would reverse the Claypool case and thereby create a debt in his favor against Dr. Siddens, when it had been found by the trial court that no such debt existed. We, therefore, think that the argument based upon such hypothesis does not possess either the importance or conclusiveness attributed to it by learned counsel for appellee. Neither are we inclined to give the weight to the further circumstance of an effort to sell the Sunnyside lot after Mrs. Siddens obtained a deed to it that learned counsel seems to do, since nothing involved therein is inconsistent with good faith or involves any more than what a faithful and affectionate wife would do to relieve her husband's property of a sacrificial judicial sale under a foreclosure proceeding.

Stripped of what we conceive to be the magnified conclusions of counsel, the evidence in this case briefly stated is: that it is conclusively proven that Mrs. Siddens did inherit as much as $4,000.00 from her mother in 1919. From time to time thereafter it is shown that she still possessed the larger portion of it, and it is equally as positively proven that she still had as much of it on hand as $2,000.00 at the time of the assailed transaction, and that she took that sum and paid the balance of her husband's mortgage debt, receiving therefor the conveyance of the Sunnyside property.

Formerly the rule was that in transactions between husband and wife there was a presumption against the latter, and the burden was on her to establish the *bona fides* of the transaction when it was assailed by creditors of her husband, and that was the common law rule. Sikking v. Fromm, 112 Ky. 773. But in Guthrie v. Hill, 138 Ky. 181, and in Owens v. Childress, 189 Ky. 676, we held that section 2127 of our present statutes, commonly known as the "Weissinger Act," changed that rule and placed the wife upon the same level with other alleged fraudulent transferees of the debtor's property, wherein it was required that the assailing creditor had the burden to prove the facts constituting the alleged fraud, and that "the integrity of purpose" in such transactions would not be overcome "except by direct or circumstantial proof sufficient to produce a conviction of the existence of fraud." Winfrey v. Winfrey, 150 Ky. 138, and Whitaker v. Davidson, 209 Ky. 698.

We are aware that fraud is sometimes difficult to prove, and especially between persons occupying a confidential relation, and for that reason the courts closely scrutinize the transaction in order to discover whether or not it was *bona fide.* But notwithstanding those safeguards we have yet to find a case where the positive testimony of three witnesses, and which is not inconsistent with other facts and circumstances proven in the case, but which latter tend towards substantiation, should be overthrown by such trivial circumstances as we have above recited. Neither are we prepared to say that the actions and conduct of the parties involved in the assailed transaction are not consistent with the usual course of dealing between individuals so as to raise adverse conclusions against their integrity. In short, our conclusion is that the evidence in this case, to say the least of it, largely preponderated in favor of Mrs. Siddens so as to confirm her contention that the payment of the $2,000.00 was actually made by and with her own means. When the record discloses such a condition, we not only have the authority, but it is our duty, to reverse the chancellor in his findings of fact.

Wherefore, the judgment is reversed, with directions to dismiss the petition as to Mrs. Siddens, and the appeal by William Siddens is dismissed.