## Daniels et al. v. Harp.

Oct. 12, 1945.

L. J. May and Russell Vanover for appellants.

P. B. Stratton for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellee sued the appellants, Ira W. Daniels, his wife and infant son, to recover of the husband $275, the balance of a contracted indebtedness, and to enforce a mortgage on real estate executed by Daniels and wife to secure its payment. The infant was joined as a defendant on the allegation that on the day prior to the recording of appellee's mortgage the debtor caused to be recorded a deed executed by himself and wife conveying the mortgaged real estate to their infant son, and that it was executed without consideration and for the purpose of defrauding Daniels' creditors, especially the appellee. The infant, by his guardian ad litem, traversed the allegations referred to and sought an adjudication that he was the bona fide owner of the property.

The parents of the infant, Ira W. Daniels and wife, answered denying the allegations of fraud contained in the petition and counterclaimed by alleging that the second-hand truck—the consideration for which was represented in part by the note executed by Ira W. Daniels and wife to appellee—was not as represented by appellee and a cancellation of the note sued on was prayed for. Replies by appellee denying the allegations of that pleading formed the issues.

No testimony was heard by the court, except the de-

position of appellee who testified to the circumstances under which the mortgage to him was executed and recorded, and that he examined the records of the County Court Clerk and found no conveyance of the mortgaged property thereon, conveying it by Daniels and wife to anyone. The record discloses that the contract whereby the truck was purchased was entered into some days before the mortgage to appellee was recorded, but it and the conditional sales contract were later drawn and executed, after which the mortgage was recorded. On the same day of its recordation Ira W. Daniels lodged for record a deed to the mortgaged land which he and his wife had executed to their infant son, John Robert Daniels, who was at the time only 10 or 11 years of age and living with his parents.

No evidence was given by appellants in substantiation of their counterclaim. With the record in that condition the court rendered judgment against Ira W. Daniels for the amount of the debt and enforced the mortgage lien of appellee on the land by directing the Master Commissioner of the court to sell it, which was done, and at the sale appellee purchased it for less than two-thirds of its appraised value. The report of sale was not confirmed until after the expiration of one year allowed for redemption. Upon the failure of appellants to redeem it within that time the Commissioner executed a deed to appellee for the mortgaged tract. The parents and the infant son filed the record in this court with a motion for an appeal which is now sustained and the appeal granted.

No complaint is made on appeal against the personal judgment referred to, but it is insisted that the court erred in setting aside the deed to the infant and enforcing appellee's mortgage for the reasons that there was no proof adduced to sustain the attack on the deed executed to the infant son, and that the court erred in not first directing the sale of the truck under the lien retained on it in the conditional sales contract. The deed to the son of appellants recites only a consideration of $1, whilst the fee-simple title to the land (if appellant Ira W. Daniels owned it) was shown to be worth $2,000. The pleading of appellee denied that even the $1 expressed consideration was paid and averred that the conveyance to the son was entirely voluntary.

In an effort to sustain their argument counsel for appellants stoutly and correctly contend that the burden is upon the one who relies on fraud to sustain the charge when the pleadings raise that issue. The correctness of that contention is admitted by counsel for appellee; but he counter-contends that where the transaction attacked for fraud is without consideration, or grossly inadequate consideration, or where the transaction is between members of the family or the one alleged to be guilty of the fraud, or between persons occupying a confidential relation, then the rule contended for does not prevail, since in such cases the burden is shifted to those seeking to uphold the transaction to prove that it was bona fide and not subject to attack.

On the question of the shifting of the burden in the circumstances indicated, this court in the case of Wyan v. Raisin Monumental Company, 243 Ky. 431, on page 436, 48 S. W. 2d 1050, on page 1052, said: "It is true that one attacking a conveyance as fraudulent has the burden of establishing his allegations. Marler v. (A. L.) Greenburg Iron Co., 216 Ky. 682, 288 S. W. 676; Winfrey's Trustee v. Winfrey, 150 Ky. 138, 150 S. W. 42; Siddens v. Ennis, 217 Ky. 810, 290 S. W. 669; Stewart v. Wheeler, 220 Ky. 687, 295 S. W. 991. But the burden shifts when it is established that the conveyance was attended with badges of fraud. Griggs v. Crane's Trustee, 179 Ky. 48, 200 S. W. 317; Stewart v. Wheeler, supra; Francis v. Vastine, 229 Ky. 431, 17 S. W. 419."

The question was so determined in the prior case of Commonwealth, for Use, et al. v. Filiatreau et al., 161 Ky. 434, 170 S. W. 1182, 1183, in which we said: "But, while fraud is not to be presumed, it is not required of him who charges it that he should enter into the secret councils of the perpetrators thereof and wrest therefrom the direct evidence of their wrongdoing. Fraud may be inferred; circumstances may be shown of such character as to create inferences making peremptory demand for explanation."

That case was followed in the later one of Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454, 175 S. W. 992, 993. In that case the court referred to and quoted from the Filiatreau case and further said:

"So, where badges of fraud attend upon a conveyance ,their effect is to shift to the grantee the burden

of evidence; and he must rebut the inferences thereby created, and sustain the bona fides of the transaction. Lavelle v. Clark, 38 S. W. 481, 18 Ky. Law Rep. 759; Oldham's Adm'x v. Oldham's Adm'x, 141 Ky. 526, 133 S. W. 232; Wiggington v. Minter, 88 S. W. 1082, 28, Ky. Law Rep. 79; Treadway v. Hogg, Ky., 119 S. W. 742; Perry v. H. Krish & Co., 157 Ky. 109, 162 S. W. 555; Stix v. Calender, 155 Ky. 806, 160 S. W. 514.

"* * * Inadequacy of consideration is also a badge of fraud under some circumstances. Herrin v. Morford, 9 Dana 450; Behan v. Warfield, 90 Ky. 151, 13 S. W. 439, 11 Ky. Law Rep. 960."

Without listing additional authorities it may be confidentially stated as a correct principle that the burden is on the parties to a deed between members of the same family to show the bona fides of the transaction and also where there is no consideration, or if one, it is grossly inadequate. The same rule prevails in transactions between those occupying a confidential relation to each other, though no family or blood relation exists. See the case of Morgan v. Hibbard, Spencer, Bartlett & Co., 299 Ky. 57, 184 S. W. 2d 218, which involves a conveyance attacked as fraudulent between client and attorney.

The transaction here attacked was not only between parties occupying a confidential relation and where there existed a close blood relationship, but it also uncontradictedly appears to have been entirely voluntary and without consideration, or if any that it was grossly inadequate. In the case of Carter v. Richardson, 60 S. W. 397, 22 Ky. Law Rep. 1204, the syllabus, which is sustained by the body of the opinion, says: "A grossly inadequate consideration is of itself a strong badge of a vendor's fraudulent intent. A consideration to be valuable must be adequate." We have seen that the same rule is announced and approved in the Lewis case, supra, 164 Ky. 454, 175 S. W. 992. Following such pronouncements by this court the trial judge did not err in setting aside the deed to the infant son of appellants and subjecting the conveyed property to the satisfaction of appellee's debt.

It is intimated in brief of appellant's counsel that the father of the infant, Ira W. Daniels, owned only a life estate in the mortgaged tract of land, but there is noth-

ing in the record to sustain that contention. But were it so, then the rights of the remaindermen in and to the tract would not be disturbed or in anywise affected by the decretal sale in this case, since appellee as purchaser would obtain no greater title to the property than that possessed by the mortgagor.

Lastly, counsel for appellants, in their brief, contend that the court erred in not first enforcing the lien on the truck, and if it did not produce enough to satisfy appellee's debt, then to subject the involved tract of land to the extent of the deficit, if any. In support of that argument counsel calls attention to the rule that courts will be vigilant and alert in protecting the interests of infants. In this case, however, no such contention was made in the trial court, nor was it insisted on therein. Furthermore, there is nothing in the record to show whether the truck is still in existence or, if so, its condition. In addition to the foregoing reasons why counsel's contention in this respect cannot prevail is the fact that the doctrine contended for has for its sole purpose the protection of interest of innocent purchasers, or lien holders, and is not applicable to one, though he be an infant, occupying no such bona fide position. The court, as we have seen, properly adjudged that the deed of the parents to their 10 or 11 year old son was invalid to the extent of appellee's lien.

Wherefore, for the reasons stated, the judgment is affirmed.