# Sikking v. Fromm.

112   773
o138   185
c138   842

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

FRAUDULENT CONVEYANCE—HUSBAND AND WIFE—BURDEN OF PROOF.

Held:   The act of 1894 regulating the property rights of married women has not changed the rule which places the burden of proof upon the wife in an action brought against her by a creditor of the husband to subject land conveyed to her upon the ground that it was purchased and paid for with money furnished by the husband and conveyed to her for the purpose of defeating plaintiff's claim.

W. A. EARL, FOR APPELLANT.

A. C. RUCKER, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY JUDGE WHITE—AFFIRMING.

The appellee, Fromm, obtained a judgment in the quarterly court of Jefferson county against W. A. Sikking, husband of appellant, which being returned *nulla bona,* he took a transcript of the execution and return, and obtained an

execution from the circuit court, which was likewise return-
ed "no property." This action was brought for discovery,
and it was sought to subject to appellee's debt certain real
estate deeded to appellant, the wife of W. A. Sikking, upon
the allegation that the property had been purchased and
paid for by the husband, and, in order to defeat appellee in
the collection of his debt, the deed was made to the wife,
appellant here. The appellant answered, and denied the al-
legations of the petition, but did not affirmatively allege
that she paid for the property, nor did she offer any explana-
tion as to how she obtained the property, nor from what
source she obtained the money to pay for it. She contented
herself with a denial. The case was submitted on petition
and answer, no proof being taken by either party. Judg-
ment was rendered subjecting the property to the pay-
ment of appellee's judgment; that is, the court appointed a
receiver to take charge of the property and rent same out
till sufficient was raised to satisfy appellee's claim and
costs. From that judgment this appeal is prosecuted.

Counsel for appellant recognizes the fact that this court
in the cases of Edelmuth v. Wybrant, 21 R., 929,
53 S. W., 528, Treadway v. Turner, 10 R., 949, 10 S. W.,
816, Robertson v. Robertson, 14 R., 505, 20 S. W.,
543, and other cases, had laid down the rule that in
cases of this kind the burden is on the wife to show that she
obtained the property from other sources than her husband,
but earnestly contends that this rule should be changed
since the enactment of the Weisinger law as to married wo-
men and their property rights. We are of opinion that the
act of 1894 known as the "Weisinger Act," did not change
this long-established rule as to these cases. The rule was
laid down because of the relationship between husband
and wife, and not necessarily because of the law as to prop-

erty rights. The same reason for the rule exists now that has always existed. If the act of 1894 is to affect the rule at all, it should make it the more closely adhered to.

We are of opinion there was no error in the judgment, and the same is affirmed.