CASE 110.—ACTION BY THE AULTMAN & TAYLOR MACHINERY COMPANY AGAINST J. W. WALKER AND ANOTHER.—Jan. 12, 1910.

## Aultman & Taylor Machinery Co. v. Walker, &c.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

From a judgment for partial relief, plaintiff appeals. Reversed as to two defendants and affirmed as to one.

1. Fraudulent Conveyances—Actions—Burden of Proof.—In an action to set aside a conveyance as in fraud of creditors, the burden was upon plaintiff to show fraud.

2 Bills and Notes—Extent of Liability—Sufficiency of Evidence —Terms of Contract.—In an action on two notes given for machinery, in which defendant claimed a credit for an attachment to the machinery not furnished as agreed, evidence held to show that the attachment was not to be included as a part of the machinery sold.

3. Bills and Notes—Extent of Liability—Sufficiency of Evidence. —In an action on two notes given with two others for a threshing machine which was resold and returned to plaintiff, upon defendant's inability to meet the notes, under an agreement by which plaintiff gave defendant $1,000 worth of the purchase-money notes, evidence held to establish plaintiff's claim that by the agreement the third note was left partly unpaid and the fourth wholly so, after all proper credits were allowed and their notes returned to defendants as agreed.

4.   Compromise and Settlement—Conclusiveness.—Where, when
     the parties executed a contract by which the machine sold
     was returned to the seller upon return to the buyer of a
     part of the purchase-money notes, the buyer did not then
     claim for credits for an attachment of the machine not
     received or claim credit for a certain amount as paid
     thereon, the settlement contract would exclude a claim for
     such credits in an action by the seller on the notes not dis-
     charged by the settlement.

5.   Bills and Notes—Payment—Sufficiency of Evidence.—In an
     action on two notes given with two others for a threshing
     machine which was resold and returned to the seller upon the
     buyer's inability to meet the notes, in which defendants
     claim that certain credits should be allowed for payments
     made, evidence held to show that only $175 was paid upon the
     notes after their execution.

JOS. R. GROGAN for appellants.

OPINION OF THE COURT BY JUDGE SETTLE—Revers-
ing.

Appellant sued in the court below to recover of
appellees, J. W. Walker and W. E. Walker, $665 and
interest alleged to be due it upon two notes, and to
set aside a deed conveying to Z. E. Walker, wife of
W. E. Walker, a house and lot in Paducah, upon the
ground, as alleged, that it was purchased and paid
for by the husband who caused it to be conveyed to
the wife in fraud of his creditors; it being sought to
subject the house and lot to the payment of appel-
lant's debt. Appellant complains that the circuit
court erred in only giving it a personal judgment
for $400 against the appellees, J. W. and W. E. Wal-
ker, thereby causing it a loss of $265 and interest,
and in refusing to declare fraudulent the deed to Mrs.
Walker, or subject the real property to the payment
of its debt; hence this appeal.

We gather from the record that on July 19, 1893,
appellant sold and delivered to the appellees, J. W.

and W. E. Walker, a steam wheat thresher, separa-
tor, engine, and other machinery and paraphernalia
belonging thereto, at the price of $1,440, for which
appellees executed to appellant their four promissory
notes of $360 each, all of date July 19, 1893, and due
October 1, 1893, October 1, 1894, October 1, 1895, and
October 1, 1896, respectively; and all bearing interest
from date. The payment of these notes was attempt-
ed to be secured by a mortgage lien retained upon
the machinery sold appellees. Appellees paid on the
first of the above notes July 30, 1894, through L. P.
Oakes, of Metropolis, Ill., appellant's attorney, $175,
which Oakes credited upon the note and remitted to
appellant. Despairing of being able to pay any more
upon the notes, appellees, after three wheat seasons'
use of the machinery, agreed with appellant's agent,
one Milliken, August 27, 1895, to sell and return it
to appellant in consideration  of $1,000 to be paid
them by appellant in the notes they had given it for
the machinery. In addition, appellant agreed to pay
appellees $10, by way of a  credit on one of their
notes, to deliver the machinery on the bank of the
Ohio river where it could be returned to appellant
by boat. The contract referred to was reduced to
typewritten form and  signed by the. parties, and
shortly thereafter appellees returned the machinery
to appellant as provided by the contract of resale.

It is the contention of appellant that at the time
this contract was made there was but one credit to
which appellees were entitled, and that this credit,
$175, had been duly entered upon the first  of the
notes referred to; that the first, second, and third
notes, were then credited with the $1,000 it agreed
to allow appellees for the returned machinery and
with the $10 expense of delivering same upon the

bank of the river, which credits entirely liquidated the first two notes and left a credit of $384 to be entered on the third note, which was duly placed thereon as of August 27, 1895. This left the third note partly unsatisfied and the fourth and last note wholly unpaid, and these are the two notes upon which suit was brought in this case.

Among other matters of defense interposed by appellees' answer was the claim that, under their contract for the purchase of the machinery and as parts thereof, they were to be delivered by appellant a register and straw stacker; the cost price of the first being $40, and of the last $200, but that appellant wholly failed to deliver them either of these parts of the machinery, whereby they were damaged $240, for which amount they were entitled to a credit upon the notes executed for the machinery. That in addition to the $175 credited upon the first note, they paid appellant the further sum of $200, which they failed to credit on the notes; furthermore, that under the contract of August 27, 1895, for the return of the machinery by them to appellant, the latter agreed to cancel and surrender to them all four of the notes which appellees had executed for the machinery, by which means the $1,000 agreed value of the machinery at that time was to be paid them by appellant.

The answer contains the admission that the first two of the notes referred to were surrendered to appellees by appellant, but avers that the latter wrongfully retained and has never returned to them the two last notes, which are the ones sued on. In addition to the matters of defense referred to, the answer traversed the averments of the petition as to the alleged fraud in the conveyance of the Paducah house and lot to Mrs. Z. E. Walker. Upon the issues

thus made by the pleadings the parties took proof, and upon submission of the case judgment was rendered by the court as in the beginning of the opinion indicated. As to the issue with respect to the conveyance to Mrs. Walker, it is sufficient to say that the circuit court did not err in refusing to declare it fraudulent, or to subject the property to the payment of appellant's notes, for the burden of proof was upon appellant to show the alleged fraud in the conveyance, and it produced no evidence to establish such fraud. As to appellees' contention that they purchased with the thresher and other machinery a register and stacker, we have carefully examined the proof with the conclusion that the contention in respect to the stacker is not sustained. The contract under which the purchase of the machinery was made is in writing and appears in the record. It shows that the register was included in the sale of the machinery to appellees, but that the stacker was not. Neither fraud nor mistake is alleged in the execution of this contract, and appellant's agent, Milliken, who made the sale to appellees, testified that a stacker was not included; besides, we find in the record a letter from appellees to appellant, written more than a year after their purchase of the machinery, in which it was in substance stated that appellees would desire before the beginning of another wheat threshing season to purchase of appellant a stacker. These facts conclusively show that the stacker was not contracted for with the other machinery. As appellees did not receive the register, and its cost price was $40, they would have been in position to claim a credit for that amount upon the notes sued on, but for the contract of August, 1895, by which they returned the machinery to appellant.

On the issue presented as to the contract of August, 1895, we think the evidence clearly sustains appellant's version of the settlement then made. Although fraud or mistake in this contract is alleged by the answer, the evidence fails to sustain either. The writing shows, as claimed by appellant, that the $1,000 allowed appellees for the return of the machinery was to be paid them in their own notes, and that this was done, the $1,000 fully satisfying the two first notes, and giving a credit on the third note for $384. This is also shown by the testimony of Milliken, and the further fact that the first two notes were then surrendered to appellees, which, as previously stated, they do not deny. Moreover, in a conversation between one of the appellees and appellant's attorney, occurring shortly before the institution of the suit, appellees' indebtedness upon the two notes sued on was expressly admitted, and their inability to pay them then stated. It is also evident that no hardship resulted to appellees from the contract under which they returned to appellant the machinery. The $1,000 allowed them for it was a fair valuation in view of their having had the use of the machinery during three wheat threshing seasons, and the amount for which they remained in appellant's debt after the return of the machinery, was no more than they should have been charged for the use they made of it during the three seasons referred to. The contract of August, 1895, also fully settled all questions as to credits to which appellees were entitled, then or prior thereto. They then made no claim for credits on account of not having received the register or stacker, nor did they then claim to have theretofore paid $200 to appellant upon the notes they executed for the machinery. In other words, the settle-

ment and contract of August, 1895, excluded all defenses now interposed by appellees as to the stacker, register, or the alleged credit for $200.

We may further say that the proof clearly shows that only $175 was paid by appellees upon the notes after their execution. This payment they admit was made to appellant's attorney, Oakes, to whom they also claim the $200 was paid. Oakes testified that $175 was the only payment ever made him, and this was credited upon the first note and sent to appellant. In addition, Milliken testified that at the time of the settlement of August, 1895, appellees admitted that the $175 credit upon the first note was the only payment they had made to appellant upon the machinery. In our opinion the court should have given appellant judgment for the amount of the two notes sued on, with interest from the date of each, subject to the credit amounting to $384 indorsed upon one of them. In other words, it was error to allow appellees credit for the $200 given by the judgment, whether such credit was on account of the stacker or the $200 alleged to have been paid by them.

Wherefore, the judgment appealed from is reversed as to appellees, J. W. and W. E. Walker, that another may be entered against them in conformity to the opinion, and affirmed as to the appellee, Mrs. Z. E. Walker.

OPINION BY JUDGE SETTLE ON RE-HEARING, June 17, 1910.

The contention made in the petition for a re-hearing and modification that the burden was upon the appellee Z. G. Walker to prove her allegation that she paid for the lot in controversy with her own means rests mainly upon the opinion of this court

in the case of Sikking v. Fromm, 112 Ky. 774, 66 S. W. 760, 23 Ky. Law Rep. 2138. We deem it sufficient to say that Sikking v. Fromm was recently overruled in the case of Guthrie v. Hill, found in 127 S. W. 767, 138 Ky. —.

The petition for a rehearing and modification is therefore overruled.