*165 OPINION of the Court, by
Ch. J. Boyle.
Pending an action of slander, brought by M’Gee against Lillard, the latter sold and conveyed Ids real and personal estate to his father-in-law Hughes ; and M’Gee having in a few days thereafter obtained a judgment in the action of slander for a considerable sum, filed his bill against Lillard and Hughes, to set aside the sale and conveyance as fraudulent, and to subject the property to be sold in satisfaction of the judgment. The court below pronounced a decree accordingly; from which this appeal is prosecuted.
It is impossible not to believe that the sale in this case was fraudulent. Besides the express avowal of Lillard that he would make a conveyance of his property to defeat the recovery in the action .of slander, the transac- *166 lion is accompanied with all the usual badges of fraud, The sale was of all his estate, without any apparent necessity or motive of propriety for it. It was made pend-fog the action, and under the form of an auction, without having previously advertised or otherwise having made it generally known ; and notwithstanding the sale was absolute and unconditional, Lilian! continued in the pos-session of the property, exercising acts of ownership over it. The sale must therefore be deemed fraudulent,
it was of ail hlseftate without any appa-o™ (ufficftnt motive ; thefe are badges of
who recovers a judg. ment in flander within cied'thc meaning of the ftatute.
asweifas^^r ”⅛ ciedimis are within its provifions.
tetTaircoaomon law.
But that have been"111* the prejudice of a pre exifting righj, to avoid in this srefpeft the. ftatute vanes from tÜ
who is injured in his Reputation exifting * right as to avoid the fale for the fatUfying the after liquidated damages.
frauduLnti f° conveyed may be fold by execution.
equity1 ha^ne-vertheiefs ju-rlfdiction «f ⅛ impediment to ¡>full price for ^®en p™p"^ ⅛ (⅛, p
*166 It, was made a question at the bar, whether M’Gce was a cre(btor within the meaning of the statute against fraudulent conveyances ? Technically speaking, he was certainly not a creditor at the time of the sale j but he became so on the recovery of the judgment; and the, statute embraces subsequent, as well as previous crcdi-. tors. Such has been the exposition given by the British C0U1'*S to the English statute of the 13th Eifoabetli, from which the statute in this country has been taken. — See Nowland on Contracts 389, and the cases there cited.
But independent of the statute, M*Gee might unquestionably avail himself of the fraud, tb set aside the sale and subject the property to be sold in satisfaction of his demand: for fraud was always odious to the common tow, and not less vitiating in its effects upon a contract before than since the statute.
A man cannot indeed, according to the princi-i,]Cs of the common law, be said to be injured by a wrong done, unless it were done in prejudice ol a previ-ously existing right; and in this respect the statute vafrom the common law. But M’Gee was possessed of such a right: for at the time the sale was made, he had a right to a reparation in damages for the injury tjone to his reputation ; ar.d the fraud in the sale was in toot110 less prejudicial to him than if it had beencommit-ted after the rendition of the judgment,
Another question made at the bar, was, whether a, court of chancery has jui'isdiction of the case ? It is contended as the statute against frauds and perjuries has declared the conveyance void, that the party may with-°utthe aid of a court of equity take and sell the property by virtue of an execution j and tit at therefore that court has no jurisdiction. The premises of tips argument are n0 (j:,,,})! correct; but the inference does not result as a. legal consequence. Fraud is one of the main pillars of the jurisdiction of a court of equity, and there is ho ques- *167 tkm of its competency,"'prior to tlie statute, to give re», lief in a case of this sort.
Now as the statute is made in affirmance, notin derogation of the common law, it cannot; have the effect of taking from a court of equity its jurisdiction : for it is a settled rule, that an affirmative statute docs not repeal the common law.
Besides, notwithstanding the property may be taken by execution, the colourable title under the fraudulent conveyance may either prevent or so prejudice the sale, as tobe injurious to the creditor; and this effect of the fraud can only he obviated by the interposition of a court of equity.
Decree affirmed with costs.