CASE 85—ACTION BY JAMES CONLEY AGAINST JAMES E. ANGLIN TO SET ASIDE AN ALLEGED FRAUDULENT CONVEYANCE.—FEB. 6.

## Anglin v. Conley.

APPEAL FROM CARTER CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

FRAUDULENT CONVEYANCES—INTENT OF GRANTOR—KNOWLEDGE OF GRANTEE—CHANGE OF POSSESSION—DEED CONSTRUED AS MORTGAGE—PETITION—SEVERAL CAUSES OF ACTION.

Held: 1. A petition to set aside an alleged fraudulent conveyance did not contain two causes of action by alleging that the conveyance was voluntary, and also that it was made with a fraudulent intent to cheat the grantor's creditors.

2. Where plaintiff had a claim for unliquidated damages against defendant for assault and battery at the time of a conveyance by defendant, plaintiff was a creditor, and as such entitled to sue to have the conveyance set aside as fraudulent.

3. Defendant committed an assault on plaintiff by shooting him, and immediately obtained $500 from his brother to escape arrest, on the understanding that he would convey to his brother his interest in certain land. Defendant thereafter was arrested, whereupon the deed was executed and recorded, and thereafter the brother advanced other funds to pay for defendant's defense. There was no evidence that either defendant or his brother was aware that plaintiff had a cause of action against defendant for the injuries inflicted at the time of the conveyance, or that it was made with any other intent than to raise money with which to enable defendant to escape arrest. HELD, that plaintiff, after recovering judgment in an action for

his injuries, was not entitled to have the conveyance set aside as executed with intent to defraud the grantor's creditors.

4. Where land was conveyed by defendant to his brother, the fact that there was no change in possession, but that defendant, his brother, and his grandmother continued to reside on a part of the land so conveyed, did not justify a finding that the conveyance was fraudulent as to the grantor's creditors.

5. Where it was agreed that defendant should convey certain land to his brother in consideration of $500 advanced to enable defendant to escape arrest for an assault, and after defendant returned and was arrested the brother advanced other moneys for defendant's defense in consideration of the conveyance, but the exact amount to be advanced was not agreed on by the parties, the conveyance should be treated as a mortgage to secure such advances as against a judgment for damages sustained by such assault.

THEOBALD & THEOBALD AND C. B. WILHOIT, FOR APPELLANT.

G. W. ARMSTRONG, H. L. WOODS AND R. D. DAVIS, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The object of this suit was to set aside a deed which Talton B. Anglin executed and delivered to the appellant, James E. Anglin, by which he conveyed to him an undivided fifth interest in a certain tract of land, the appellee claiming that at the time of its conveyance he was a creditor of the grantor. The deed was dated July 10th, was acknowledged on the 15th, and lodged for record on the 22d of the same month. The consideration recited in the deed was $500 cash in hand paid and love and affection, the grantor and the grantee being brothers. From the averments of the petition it appears that on the 4th day of July, 1896, the grantor, Talton B. Anglin, shot and wounded the appellee, Conley; that on the 30th day of that month the appellee instituted an action against him for maliciously shooting and wounding him; that sub-

sequently he recovered a judgment against him for $850 and costs; that on the 14th day of August, 1898, this action was instituted in equity for the purpose heretofore stated. It is averred in the petition that the conveyance was made by the grantor to the grantee for the purpose of hindering and delaying the grantor's creditors in the collection of their debts, and that it was made without any good or valuable consideration. The appellant moved the court to compel the appellee to paragraph his petition, upon the idea that it stated two causes of action: (1) Because it was averred the grantor executed it with fraudulent intent to cheat his creditors; (2) because it was averred that the deed was made without consideration, hence a voluntary conveyance.

To paraphrase the averments of the petition, they simply amount to the charge that it was a voluntary conveyance, without consideration, with the fraudulent intent to cheat the grantor's creditors. In our opinion, there is but one cause of action attempted to be stated. The first question which we will consider is whether or not the appellee was a creditor of Talton B. Anglin at the time the conveyance was made, or had such claim as would enable him to have the conveyance set aside upon a proper showing. It is urged in behalf of the appellant that the appellee was not a creditor of the grantor, because the liability had not been fixed by a judgment of the court. It was held in Lillard v. McGee, 4 Bibb, 165, that a person who recovers judgment in slander is a creditor, within the meaning of the statute. In Slater v. Sherman, 5 Bush, 206, it was held that one who had a claim against another, growing out of assault and battery, had the right to have a fraudulent conveyance set aside, although made before the judgment was rendered in his favor. The doctrine in

those cases settles the question here that the appellee was
a creditor of the grantor.   The facts are about these:   The
appellant knew of the assault which his brother had made
upon the appellee.    The brother intended to evade pros-
ecution by leaving the State, and obtained from the ap-
pellant $500, with the understanding that he was subse-
quently to convey to him his interest in the land, which
was afterwards done by the deed in question.    Before
that was consummated, the grantor returned to Kentucky,
and either surrendered himself or was arrested.    The deed
seems to have been drawn on that day, but not acknowl-
edged until five days thereafter, and recorded at the time
heretofore stated.    The appellant knew the purpose which
his brother had in view in obtaining the $500, which was
to evade, for a time at least, a prosecution by the Com-
monwealth.   After the grantor placed himself, or had been
placed, in the custody of the law, the transaction was con-
summated by the execution of the deed.    There is no evi-
dence in the record that either the grantee or the grantor
was aware of the fact that the appellee had a cause of ac-
tion against the grantor for the injury which he had in-
flicted upon him, so that at the time the $500 was furnish-
ed it is certain that the only purpose to be accomplished
was the evasion of prosecution by the Commonwealth.   Al-
though the action of the appellant might have facilitated
the grantor's effort to evade such prosecution, that unlaw-
ful act could not inure to the benefit of the appellee in this
action.    The rights of the appellee must be determined
from the facts, independent of the unlawful act of the ap-
pellant, if it was so, to show a willingness to facilitate
the escape of his brother from a penal or criminal pros-
ecution.    The deed recites a payment of $500 by the ap-
pellant.    The grantor and the appellant were introduced

as witnesses by the appellee, and they both testified that $500 was paid, and that, after the grantor was in custody of the officers of the law, they made an additional agreement, before the deed was delivered, as to the consideration for the conveyance, to the effect that the appellant was to furnish money to pay the grantor's attorneys, the cost in defense of the prosecution, and any fine that might be recovered against him.    They stand uncontradicted upon these questions.    The proof shows that the sums paid to lawyers, etc., amounted to about $1,200, in addition to the $500 which had already been paid.    The mere fact that appellant knew that the grantor had assaulted the appellee did not charge him with notice that a cause of action existed in his favor against the grantor, or that the grantor was making the conveyance with a fraudulent intent to evade the payment of such judgment as might be recovered thereon.    If the grantor had a fraudulent intent in making the conveyance to cheat the appellee, that fact would not deprive the appellant of his right to assert his claim against the land for the sums paid for the consideration in the purchase of it, unless he actually had knowledge of the fraudulent intent.    The appellant and his brother seem to have lived together with their grandmother on a part of the land which was conveyed, and they continued to so live after the conveyance; but this fact will not justify a court in treating the conveyance as fraudulent, and this court has frequently so held.    Under all the circumstances, we are of the opinion that, as the exact amount which was to be paid for the land could not be told, and was not agreed upon, the deed should be considered as a mortgage to secure whatever sums of money the appellant paid the grantor, and for him on account of the prosecution.    As the appellee did not file a petition

in equity before he obtained his judgment, this is no case for the application of section 1907a, Kentucky Statutes.

The case is reversed, with directions that the court adjudge the appellant a lien upon the land for the sums he paid to and for his brother, Talton B. Anglin, as consideration for the land, which is the $500 and the amounts paid the attorneys, costs, and fines; that the appellee be awarded a lien for his debt, interest, and costs, subordinate to that of the appellant; and that the interest conveyed by Talton B. Anglin in the property be sold to satisfy these claims; and for proceedings consistent with this opinion.