## Perry, et al. v. Krish & Company, et al.

(Decided January 23, 1914.)

### Appeal from Morgan Circuit Court.

1. Deeds—Voluntary Conveyance—When Fraudulent as to Creditors. Deed from Husband to Wife.—A deed from husband to his wife, conveying the only real estate, subject to execution, owned by him, if made without consideration, is in law deemed a voluntary conveyance, which, at the suit of a creditor of the husband, will be subjected to the payment of an antecedently created debt due him from the latter.

2.  Husband and Wife—Right of Wife to Make Contracts and Own
    Property—Burden of Proof.—As under the statute of 1894, known
    as the Weissinger act, the wife has the same right to make con-
    tracts, except as surety, and own property as if she were un-
    married, it is unnecessary, in an action by the husband's creditor
    to set aside a deed made from the husband to the wife and
    subject the property to the husband's debt,  for the  wife to
    allege affirmatively that the property conveyed is her separate
    estate.  All that the wife has to do is to deny the allegations
    of fraud in the conveyance; and if the creditor fails to show the
    fraud, he cannot subject the  property conveyed  to the  hus-
    band's debt.  But in an attack upon such a conveyance, where
    evidence is introduced by the creditor which conduces to show
    that it was voluntary, and made after the creation of the debt
    to the satisfaction of which it is sought to subject it, the pre-
    sumption of fraud thereby raised, will cast upon the wife the
    burden of showing the bona fides of the conveyance.

O'REAR & WILLIAMS and JOHN B. PHILLIPS for appellants.

HAZELRIGG & HAZELRIGG for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellees, H. Krish & Company, and Ellen Crose,
having unsatisfied judgments against the appellant, U.
G. Perry, brought separate actions against the latter and
Betty Perry, his wife, in the Morgan Circuit Court to
enforce their payment, respectively, by subjecting there-
to a tract of land in Morgan County containing one hun-
dred acres, which had previously been conveyed by U.
G. Perry to Betty Perry; it being alleged in the petition
that the deed of conveyance was made by the husband to
the wife without consideration and with the intent to
defraud the creditors of the former.  The appellants
filed separate answers to each of the petitions travers-
ing their averments, alleging the bona fides of the trans-
action; and that it was for a valuable consideration,
namely, the sum of $250.00 named in the deed, which
was cash in hand paid the husband by the wife at the
time of the execution of the deed.  The affirmative mat-
ter of each of these answers was controverted by reply.

After the taking of proof in each of these actions
they were consolidated and tried together in the circuit
court; and, upon the hearing in that court, judgment was
rendered declaring the conveyance fraudulent, subject-
ing the property to the payment of the appellees' judg-
ment debts respectively, and directing its sale in satis-

faction thereof. From that judgment Perry and wife have appealed.

We think it fairly apparent from the evidence that the debts for which the land was adjudged to be sold, were created prior to March 23, 1910, the date upon which the weight of the evidence conduces to show the deed was made; and further apparent from the evidence that, at the time of the execution of the deed, the appellant, U. G. Perry, who had been a country merchant, was so financially embarrassed as to be unable to pay his debts. Indeed, it is not apparent from the evidence that he at the time had any property subject to execution, except the tract of land which he conveyed to his wife. Accepting the foregoing facts as fairly established by the evidence, it would necessarily follow that the conveyance, if voluntary, that is, without consideration, was and is fraudulent and void as to the husband's creditors including appellees. O'Kane v. Vinnedge & Co., 108 Ky., 34; Hanson v. Buckner, 4 Dana, 251.

The question whether the deed was a voluntary conveyance is more difficult of solution. It is the contention of appellants that the wife paid the husband for the land its full value, and that this payment was made with money which she had gradually accumulated during the seventeen years of their married life from the sale of poultry and eggs, of which she was the exclusive owner, and from the boarding in 1908 of hands working in the construction of the Morehead & North Fork Railroad. The only evidence of this, however, is furnished by the deposition of the husband; that of the wife, though taken, having been excluded by the court upon the ground, that either, but not both of them, could testify in the case; and as that of the husband was taken first, that fact compelled the exclusion of the deposition of the wife. The deposition of the husband is indefinite as to when and how the $250.00, which the wife claims to have paid for the land, was made or accumulated by her. How much of it she received in the way of board from men working upon the railroad he did not state, nor did he even approximately give the amount she had received from the sale of poultry and eggs. He admitted, however, that all the groceries and other supplies used in boarding the railroad men were furnished by him, and

that what his wife received for the board of the men, was paid her by him out of the board collected. It cannot reasonably be expected that the husband would be accurately informed as to the sales of poultry and eggs made by the wife unless such sales were made from his store, in which event, he doubtless would have kept an account of such sales. But as the board received by the wife was paid her by him, no reason is apparent for his being unable to state the aggregate of the sums thus received by her. It is not claimed by either the husband or wife that she received any estate from her parents or any other source; so on the whole the showing attempted to be made by his deposition as to the manner in which the wife became possessed of the $250.00 alleged to have been paid by her for the land, can hardly be regarded as satisfactory.

One or two witnesses introduced in her behalf testified that they knew of her receiving some money for the board of the railroad hands and of her making some sales of poultry and eggs, but this testimony was even less definite than that of her husband. On the other hand three witnesses, one of whom was the appellee, Ellen Crose, testified that shortly after the railroad men had ceased to board with appellants, the appellant, Betty Perry, told them that she had on hand $20.00 of the board paid by the railroad men, which her husband had allowed her, and also $20.00 which she had received from the sale of poultry and eggs; that the sum of these added amounts she intended to use in the purchase of an organ, and that she did shortly thereafter buy an organ for which she claimed to have paid $40.00.

Some of the evidence introduced in appellees' behalf conduced to show that the fair market value of the tract of land conveyed by the husband to the wife was more than $250.00; one witness, testifying as to the value, putting it at not less than $300.00 and two others at more. In this connection should be mentioned the fact that the deed conveying the land was not recorded for several months after it was acknowledged by U. G. Perry before his cousin, a deputy clerk, who was also the draughtsman of the deed; and the latter testified that at the time the deed was written and acknowledged U. G. Perry requested him to say nothing of the transaction.

Under the statute of 1894, known as the Weissinger act, the wife has the same right to own property, make

contracts, exeept as surety, and earn money as the hus-
band; and it is no longer necessary in an action by the
husband's creditor to subject to the latter's debt prop-
erty held in her name, for the wife to allege affirmatively
that the property which stands in her name is her sepa-
rate estate. The statute makes it so. All that the wife
has to do is to deny the allegations of the fraud, and if
the creditor fails to show the fraud he cannot subject
her property to the husband's debt. Cogar v. National
Bank of Lancaster, 151 Ky., 470; Guthrie v. Hill, 138
Ky., 181; Altman & Taylor Mch. Co. v. Walker, 124 S.
W., 329 (not in Ky. Repts.) But where, as in the in-
stant case, there is a confidential relation exsting be-
tween the parties to the conveyance, and evidence is in-
troduced by the creditor which tends to show that the
conveyance was voluntary, and made after the creation
of the debt to the satisfaction of which it is sought to
subject it, the presumption of fraud thereby raised, will
cast upon the wife the burden of showing that there was
no fraud in the conveyance.

Our consideration of the evidence in this case in-
clines us to the opinion that the judgment of the circuit
court is sustained by the weight of the evidence. While
in an equity case this court will give judgment according
to the weight of the evidence, yet when the evidence is
conflicting, some reliance will be placed on the finding
below; and unless the court is convinced by the record
that the chancellor has erred, his finding will not be dis-
turbed. Byassee v. Evans, 143 Ky., 415; Gilliam v.
Guffy, 142 Ky., 71; Burke v. Trabue's Exr., 137 Ky.,
580.

Judgment affirmed.

Judge Hannah not sitting.