## Hale, etc. v. Proffit.

(Decided October 22, 1914).

### Appeal from Monroe Circuit Court.

1. Deeds—Fraud—Notice.—A deed executed by the grantor for the fraudulent purpose of defeating a creditor is void as against the purchaser who had notice of the fraudulent purpose of his grantor.

2. Judgment—Finding of Chancellor.—The finding of fact by the chancellor will not be disturbed where on all the evidence the truth is doubtful.

SHERMAN SPEAR for appellant.

BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

On December 24, 1910, Donnie Proffitt brought suit against Lunsford Hale to recover damages for a breach of promise of marriage. After the suit was brought, and after the summons had been served upon him, he, on December 27, conveyed to his father and mother his half interest in a tract of land in consideration as recited in the deed of $1,750.00, the land being all the visible property he had. A day or two later he left the State. Having recovered a judgment against him for $1,000, Donnie Proffitt sought to subject the tract of land to her debt on the ground that the conveyance to the father and mother was fraudulent. The circuit court adjudged her the relief sought, and they appeal.

Section 1906, Kentucky Statutes, is as follows:

"Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond, or other evidence of debt given, action commenced, or judgment suffered, with like intent, shall be void, as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

That the conveyance was made by Lunsford Hale with the intent to delay and hinder Donnie, Proffitt in the collection of her claim, and prevent her from subjecting the land to her debt, the record leaves no doubt. But it is insisted that the father and mother of Lunsford Hale had no notice of his fraudulent intent, and should be protected as purchasers for a valuable consideration. Considerable evidence was taken on this subject. We give some weight to the finding of the chancellor, and we do not disturb his finding on a question of fact where, on the whole case, the evidence leaves the mind in doubt. Here the circumstances strongly support the conclusion of the chancellor. The father and mother knew of the wrong done the girl; they knew that the land was everything the son had out of which her claim could be made. They knew the effect of the deed and they could not well have failed to know the son's purpose in making the deed. In addition to this all the circumstances connected with the transaction indicate that it was hurried through, and the testimony of the defendants explaining the transaction is contradictory and unsatisfactory.

Judgment affirmed.