## A. Bentley & Sons Company v. Hydraulic Press Brick Company, et al.

(Decided November 2, 1916.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, First Division).

Contracts—Substitution of Parties—Damages.—Where "A" entered into a contract with "B" to erect a building for "B," the face brick to be furnished by "B," and "B" made a contract with "C" to furnish the face brick, and thereafter "A" took the place of "B" in the contract with "C," he could recover damages against "C"

for his failure to furnish the brick in accordance with his contract with "B."

BLAKEY, QUINN & LEWIS for appellant.

TRABUE, DOOLAN & COX for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1912 the Hospital Commission of Louisville entered into a contract with the appellant, A. Bentley &, Sons Co., to erect the city hospital, and by the terms of the contract the contractor was to furnish all the material except the face brick for exterior walls and certain interior walls, which the Commission was to deliver to the contractor at a price specified in the contract. In the contract between the Hospital Commission and the Bentley Company it was stipulated in clause eight that the Commission should furnish the brick it obligated itself to deliver "in such a manner as not to materially delay the progress of the work, and in the event of failure to do so, thereby causing loss to the contractor, agrees that it will reimburse the contractor for such loss."

After making this contract with the Bentley Company the Hospital Commission entered into a contract with the Hydraulic Press Brick Co., through its agent, Tyler, to furnish the face brick at an agreed price. Under this contract the Hydraulic Company agreed to furnish a brick known as brick number 601, and the brick manufactured and sold under this number was of a shape quality and color agreed on by the parties and made only by this brick company.

After the hospital was completed there was due the brick company under its contract $5,179.40, for which amount the brick company brought suit against the Commission.

The Bentley Company also brought a suit to recover damages in the sum of five thousand dollars from the Commission on account of its failure to furnish it according to contract the brick which it had agreed to furnish. The two actions were consolidated, and on a hearing both suits were dismissed, and the judgment dismissing them was affirmed by this court in 165 Ky. 403. In this opinion the court said that the chancellor properly dismissed the suits of the brick company and the Bentley Company against the Hospital Commission be-

cause it appeared after the contracts between the Bentley Company and the Commission, and the brick company and the Commission had been entered into, the Commission and the Bentley Company entered into a contract by which the Commission turned over to the Bentley Company its contract with the brick company, and the Bentley Company thereby took the place of the Commission in the contract with the brick company. It was further held in the opinion that the brick company consented to this arrangement between the Bentley Company and the Hospital Commission, and this being so, the brick company's claim for the balance due it was against the Bentley Company and not against the Commission. It further necessarily followed as a result of this arrangement that the Bentley Company had no claim against the Commission for damages on account of its failure to furnish brick under the original contract because the Bentley Company had taken the place of the Commission in this contract and any claim it had growing out of the failure to deliver the brick was not against the Commission but against the brick company with whom the Commission had a contract to furnish the brick.

When the case went back for trial the brick company by an amended pleading sought to recover from the Bentley Company the five thousand and odd dollars due it by the Commission, and the Bentley Company, while not denying its liability for the amount claimed, asserted a counter-claim against the brick company, seeking to recover from it the damage it alleged it had sustained on account of the failure of the brick company to deliver the brick according to the terms of its contract with the Commission.

General demurrers were sustained to the original counter-claim of the Bentley Company against the brick company as well as to several amended counter-claims, and finally, after refusing to permit to be filed a fourth amended pleading tendered by the Bentley Company, the lower court dismissed the counter-claim of the Bentley Company against the brick company and gave the brick company judgment for the amount of its claim, and the Bentley Company prosecutes this appeal from the ruling of the lower court holding that it did not have any cause of action against the brick company.

In the first counter-claim asserted by the Bentley Company it rested its right to recover damages from the brick company on clause eight in its contract with the Hospital Commission. But we think it clear that it could not ground a cause of action against the brick company on this stipulation in the contract between it and the Commission. The brick company was not a party to the contract between the Bentley Company and the Commission, nor did it at any time or in any way obligate itself to be·answerable to the Bentley Company for any breach of the stipulation contained in the contract between the Bentley Company and the Commission, . nor did the fact that the Bentley Company and the Commission agreed between themselves that the Bentley Company should take over the contract the Commission had with the brick company and thereafter stand in the shoes of the Commission, have the effect of putting the brick company in the place of the Commission in the contract between it and the Bentley Company, although the brick company consented that this substitution might take place. But when the Bentley Company, with the consent of the brick company, was substituted for the Commission in the contract between the Commission and the brick company, we think that the Bentley Company was likewise substituted to all the rights the Commission had under its contract with the brick company. If the agreement of substitution between the Bentley Company and the Commission had never taken place, then the Commission would have had a cause of action against the brick company for its failure or refusal to deliver the brick according to the terms of the contract between the brick company and the Commission, and so the Bentley Company, having with the consent of the brick company taken the place of the Commission, has the same right of action against the brick company that the Commission would have had.

The agreement between the Bentley Company and the Commission, by which the Bentley Company was substituted in place of the Commission in the contract of the Commission with the brick company, did not have the effect of changing in any respect the contract between the brick company and the Commission. Nor did it in any manner lessen the liability of the brick company to fulfil its contract with the Commission. In short, the brick company was under the same contractual duty to

furnish the brick that it was under before the substitution took place.

It is said, however, by counsel for the brick company that inasmuch as the Commission, after the Bentley Company had taken its place, could have no cause of action against the brick company for a breach of its contract, because the Commission then had no concern in the delivery of the brick, neither could the Bentley Company have any cause of action against the brick company, because there had never been any contract between it and the Bentley Company. Further proceeding along this easy line to complete the circle of its exoneration from liability, the additional argument is made that after this substitution took place, as the Bentley Company could have no cause of action against the Commission for failure to deliver the brick as provided in the contract between the Bentley Company and the Commission, neither should the Bentley Company have any cause of action against the brick company.

But of course this kind of reasoning will not be allowed to release the brick company from liability for a breach of its contract with the Commission, if it committed one, or to defeat the claim of the Bentley Company for damages growing out of this breach, if it had such a claim. If no change in the contract relations of the parties had taken place and the Commission had failed to furnish the brick to the Bentley Company according to the terms of its contract, it is plain that the Bentley Company would have a cause of action against the Commission. It is further plain that if the liability of the Commission to the Bentley Company had been caused by the failure of the brick company to furnish the brick according to its contract with the Commission, the Commission would have the right to have from the brick company the full amount of damages the Bentley Company recovered against it if all this damage grew out of the failure of the brick company to furnish the brick according to its contract.

Now as the substitution of the Bentley Company for the Commission did not release the brick company from the obligations of its contract with the Commission, the Bentley Company had the right to recover from the brick company such damage as the Commission could have recovered if no substitution had taken place and the Commission, under its contract with the Bentley

Company, had sustained any damage by the brick company's breach of its contract: Feland v. Berry, 130 Ky. 328; Pulaski Stave Company v. Miller's Creek Lumber Company, 138 Ky. 372.

This condition, brought about by the agreed substitution, makes it necessary that the damage the Commission would have sustained if there had been no change in the contract should be ascertained, although the Commission has not suffered any damage. But this rather curious situation is unavoidable under the circumstances. It will not, however, confuse the issues because it will not be difficult to ascertain the damage, if any, the Bentley Company could have recovered against the Commission if no change in the parties to the contract had taken place, and this amount of damage it is entitled to recover against the brick company if its right to recover against the Commission grew out of the failure of the brick company to fulfill its contract.

This being our view of the case, the last amended pleading, to which a demurrer was sustained, as well as the tendered pleading, stated a cause of action against the brick company and consequently the demurrer to the last amended pleading should have been overruled and the tendered pleading allowed to be filed.

We do not, however, hold that the Bentley Company is entitled to recover on the various items or, indeed, on any of them set out in these pleadings. We express no opinion as to what items of damage the Bentley Company may recover on or how much it may recover.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.