## Allen, By, et al. v. Ligon, et al.

(Decided May 25, 1917.)

### Appeal from Henderson Circuit Court.

1. **Fraudulent Conveyances—Fraud as to Creditors.**—Every conveyance of real or personal property, made with the intent to delay, hinder, or defraud the grantor's creditors, is void as against such creditors; but it shall not affect the title of the purchaser for a valuable consideration, unless he had notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor. (Ky. Sts., sec. 1906.)

2. **Fraudulent Conveyances—Intention to Defraud Creditors—How Determined.**—The test for determining whether a conveyance is fraudulent as against creditors, under section 1906 of the Kentucky Statutes, is the intent with which it was made; if it was made with the intent to delay, hinder, or defraud a creditor, the conveyance is fraudulent and void.

3. Fraud—Acts Constituting Fraud—Inferences—Circumstances.—
   While fraud is not to be presumed, it is not required of him
   who charges it that he should enter into the secret councils of
   the perpetrators thereof and wrest therefrom the direct evi-
   dence of their wrong doing. Fraud may be inferred; circum-
   stances may be shown of such character as to create inferences
   making peremptory demand for explanation.

4. Fraudulent Conveyances—Notice.—It is a well-established rule
   of evidence that whatever is sufficient to put a purchaser upon
   inquiry as to the facts, is equivalent to full notice of all the
   facts that such inquiry would have discovered to him.

5. Fraudulent Conveyances—Badges of Fraud.—It is a badge of
   fraud, requiring explanation, for a husband who is sued for dam-
   ages, to convey to his wife all of his property that was subject
   to execution.

6. Costs—Failure to Index Record.—Where a record fails to con-
   tain an index of the depositions, as is required by Rule V of the
   Court of Appeals, it will be condemned at the cost of the clerk
   that made the record.

JOHN C. WORSHAM and H. M. STANLEY for appellant.

YEAMAN & YEAMAN and N. POWELL TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

In 1912, the appellant, Amos Allen, a minor, obtained a judgment against the appellee, Dr. Peyton Ligon, for $2,105.00, damages for malpractice. That judgment was superseded, and, upon appeal, it was reversed and remanded for a new trial. Ligon v. Allen, 157 Ky. 101. Upon the return of the case, the second trial was set for September 22, 1914.

Dr. Ligon owned a farm of 123 acres, which he had bought in 1898, and upon which there was a lien for $1,400.00 due to the Ohio Valley Banking & Trust Company.

On September 21, 1914, the day before the case was called for the second trial, Dr. Ligon conveyed the farm to his wife, the appellee, Mary A. Ligon, for the recited consideration of $1,000.00, represented by her two lien notes to her husband for $400.00 and $600.00, respectively, and Mrs. Ligon's assumption of the $1,400.00 lien then upon the property; thus making a total consideration of $2,400.00.

The second trial of the damage suit resulted in a verdict for Allen against Dr. Ligon for $2,605.00, which was affirmed by this court. Ligon v. Allen, 168 Ky. 19.

The second judgment, however, was not superseded; and, an execution having issued thereon and returned "no property found," Amos Allen's guardian brought this action to set aside the conveyance of the farm to Mrs. Ligon as fraudulent, under section 1906 of the Kentucky Statutes, and made for the purpose and with the intent of defeating the plaintiff in the collection of his judgment.

By their joint answer, Dr. Ligon and his wife denied that the conveyance was made by him for the purpose of defeating plaintiff's claim, or that his wife had any knowledge of any such design upon the part of her husband. By a second paragraph, they alleged that Mrs. Ligon had, many years before, inherited $550.00 from her mother; that she had loaned that money to her husband; that in consideration of the conveyance of the farm to her she had cancelled her debt against her husband for the $550.00, and had executed to him her note for $400.00, and paid to him, in cash, the sum of $50.00, in addition to assuming the payment of the debt to the Ohio Valley Banking & Trust Company for $1,400.00, making a total consideration of $2,400.00 for the farm; and that the note for $400.00 had been sold by Dr. Ligon to J. F. Denton, of Evansville, Ind.

The answer shows that instead of executing her note for $600.00, as is recited in the deed, Mrs. Ligon cancelled her debt against her husband for $550.00 and paid him $50.00 in cash.

The Ohio Valley Banking & Trust Company, as owner of the original $1,400.00 lien note, as well as Denton, the owner of the $400.00 lien note, were made parties and asserted their claims. It is conceded that both claims are valid, and not affected by this action. Denton bought the note in good faith, for value, and without notice of the fraudulent transaction between Dr. Ligon and his wife.

The chancellor dismissed the petition, and Allen appeals.

The chancellor delivered a written opinion, from which it appears he treated the transaction as a preferential sale under section 1910 of the Kentucky Statutes, and not as a fraudulent conveyance under section 1906; and that, as the proof showed the land was not worth more than $2,400.00, the plaintiff would obtain nothing by a sale of the land. Under this view he treated, not only the liens of the trust company and of Denton as valid and superior liens, but he also treated Mrs. Ligon's be-

lated claim for money loaned to her husband many years ago as standing upon the same footing, which would leave nothing for Allen, under the valuation of $2,400.00.

A great deal of proof was taken concerning the value of the farm, four witnesses testifying for the plaintiff and placing its value at $6,421.00, while the nine witnesses who testified for the defendants placed its value at about $2,500.00, taking an average valuation in each instance. In other words, the trial court took the position that the deed in question could not be set aside as fraudulent unless the consideration was shown to be inadequate. We cannot agree with this view of the law.

This action is brought under section 1906 of the Kentucky Statutes, which reads as follows:

"Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond, or other evidence of debt given, action commenced, or judgment suffered, with like intent, shall be void, as against such creditors, purchasers and other persons. This section shall not affect the title of a purchaser for valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

The statute provides the test by which the validity of the conveyance is to be measured; if it is made with the intent to delay, hinder, or defraud a creditor, it is fraudulent and void. It is not a question of how much the grantee paid for the property; on the contrary, the question always is, What was the intent of the grantor in conveying the property? and, if it was fraudulent, did the grantee know of his grantor's fraudulent intent?

Cases under this statute have been before this court many times, and it is only necessary to refer to a few of the well-known decisions.

The primary rule in cases of this character is that, in order to protect the purchaser, three things much concur: (1) his good faith must appear; (2) a consideration must pass at the time of the purchase; and (3) it must be a fair equivalent of the thing bought. If either of these essentials is wanting, the sale is fraudulent under the statute. O'Sullivan's Trustee v. Douglas, 124 Ky. 247.

In Huffman v. Leslie, 23 Ky. L. R. 1981, 66 S. W. 822, the court said:

"Under the statute a purchaser without notice of the contemplated fraud, for a valuable consideration, will be protected, although the conveyance to him was made by the grantor with a fraudulent intent; but if he knew of such fraudulent intent on the part of the grantor, he would not be protected, even though he paid the full value of the property without any intention to aid the grantor in the fraud. The knowledge is the point on which the decision of the question must turn. (Violet v. Violet, 2 Dana 323; Summers v. Taylor, 80 Ky. 429.)"

See, also, Foster v. Grigsby, 1 Bush 86; Beadles v. Miller, 9 Bush 405; Carter v. Richardson, 22 Ky. L. R. 1204, 60 S. W. 397; Walters v. Akers, 31 Ky. L. R. 259, 101 S. W. 1179; Interstate Petroleum Co. v. Farris, 159 Ky. 820, to the same effect.

In Commonwealth v. Filiatreau, 161 Ky. 434, this court said:

"While fraud is not to be presumed, it is not required of him who charges it that he should enter into the secret councils of the perpetrators thereof and wrest therefrom the direct evidence of their wrongdoing. Fraud may be inferred; circumstances may be shown of such character as to create inferences making peremptory demand for explanation."

See, also, 20 Cyc. 438.

A transfer made by a debtor in anticipation of a suit against him, or after a suit has been begun, and while it is pending against him, is a badge of fraud. Lillard v. McGee, 4 Bibb 165; Slater v. Sherman, 5 Bush 206; Anglin v. Conley, 114 Ky. 741; Hale v. Proffitt, 160 Ky. 440; 20 Cyc. 444.

Furthermore, the fact that the grantor tried to withhold the deed from record was an additional badge of fraud. Scrivenor v. Scrivenor, 7 B. M. 374; Hildeburn v. Brown, 17 B. M. 779; Herrin v. Morford, 9 Dana 450; 20 Cyc. 446.

Likewise, a transfer of all or nearly all of the debtor's property, as was done in this case, when he is insolvent and embarrassed financially, is a badge of fraud. 20 Cyc. 449. The farm was all the property Dr. Ligon owned subject to execution, and was the only source from which plaintiff could collect his judgment.

Applying this rule to the case before us, there can be no question of Dr. Ligon's purpose and intent in making the conveyance, or of Mrs. Ligon's knowledge of her husband's purpose. He not only made the conveyance

the day before the damage suit was set for trial, but he sent the deed to the clerk's office by his son with a request to the clerk not to make the deed public.

That Mrs. Ligon knew the purpose of her husband in making the deed to her is easily apparent. She admits, in substance, that she knew all about it; and her refusal, as well as her husband's refusal, to answer legitimate questions upon that subject only reinforces the other testimony in which she admits that she knew of her husband's business troubles in connection with the Allen suit. Furthermore, she had no means with which to make the purchase, and the control and management of the farm has been changed in no respect since the sale. Dr. Ligon controls it now precisely as he formerly did.

And, if there was not abundance of direct proof of Mrs. Ligon's knowledge of her husband's purpose in making this conveyance, she would nevertheless be charged with notice thereof under the rule, well established in this state, that whatever is sufficient to put a purchaser upon inquiry as to the facts is equivalent to full notice of all the facts that such inquiry would have disclosed to him. Willis v. Vallette, 4 Metc. 186; Lain v. Morton, 23 Ky. L. R. 438, 63 S. W. 286; Summers v. Taylor, 80 Ky. 429.

In Hale v. Proffitt, *supra,* plaintiff sued for damages for breach of promise of marriage, and after the suit was brought defendant conveyed his land to his father and mother for a recited consideration of $1,750.00. After recovering judgment, the plaintiff brought her action to set aside the conveyance as fraudulent, and, in sustaining her prayer, this court said:

"The father and mother knew of the wrong done the girl; they knew that the land was everything the son had out of which her claim could be made. They knew the effect of the deed and they could not well have failed to know the son's purpose in making the deed. In addition to this all, the circumstances connected with the transaction indicate that it was hurried through, and the testimony of the defendants explaining the transaction is contradictory and unsatisfactory."

In the late case of McDonough v. McGowan, 165 Ky. 428, the court said:

"It is the well-established rule that where badges of fraud attend upon a conveyance which is attacked as fraudulent, their effect is to shift to the grantee the burden of evidence, and he must rebut the inferences thereby

created, and sustain the bona fide of the transaction. Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454; Perry v. Krish, 157 Ky. 109, 162 S. W. 555; Stix v. Calender, 155 Ky. 806, 160 S. W. 514; 20 Cyc. 439.

"If a transfer is made by one against whom there is pending an action for tort, this is a badge of fraud, especially where the conveyance leaves the grantor without any estate. Floyd v. Martin, 4 R. 891 (before action instituted); Lillard v. McGee, 4 Bibb 165; Hale v. Proffit, 165 Ky. 440, 169 S. W. 851; Commonwealth v. Filiatreau, 161 Ky. 434. And the conveyance herein attacked of all the property he owned, having been made while the action was pending, it was incumbent on the grantee to meet and overcome the inference created by that fact and the subsequent insolvency of the grantor."

Neither does the treatment of Mrs. Ligon's debt against her husband as a valid debt, make the fraudulent conveyance any less fraudulent.

In 20 Cyc. 487, the rule is stated as follows:

"A conveyance or transfer, whether founded on a valuable and adequate consideration or not, if entered into by the parties thereto with the intent to hinder, delay, or defraud creditors, is void as to them. It is not enough, in order to support a conveyance or transfer as against creditors, that it be made for a valuable consideration. It must be also bona fide; and when it appears that the parties to a transaction impugned for fraud were actuated by a motive which the statute denounces as fraudulent, to-wit, to hinder, delay, or defraud creditors, it is utterly immaterial how valuable a consideration may have passed from the grantee or transferee, for the conveyance is none the less void in law."

It follows, therefore, that the chancellor erred in dismissing the petition; he should have granted the plaintiff's prayer.

The record contains the depositions of thirteen witnesses covering 140 pages, and is without an index. This is in direct violation of Rule V. of this court, which requires a full index of the record to be put at the beginning thereof, the name of each witness, and the page on which his testimony begins. Searcy v. Golden, 172 Ky. 50. The record is condemned, and the clerk that made the transcript will be allowed only one-half of his usual fee for copying the depositions. Lemon v. Commonwealth, 171 Ky. 828; Anderson v. S. V. & E. Ry. Co., 171 Ky. 741.

Judgment reversed and action remanded, with instructions to the chancellor to enter a judgment declaring the conveyance to Mrs. Ligon fraudulent and void as to the appellant, and for further proceedings consistent with this opinion.