*860 OPINION.
Aeundell :
There is an abundance of evidence in the record that the monies paid to and on behalf of the Morrisons were not gifts, but loans, creating the relation of debtor and creditor between them and petitioner, and that the deeds given in 1914 and 1916 (the second one having been given because of doubt as to the sufficiency of the first one) to the home occupied by the Morrisons up to the time of their respective deaths were not intended as absolute conveyances of title, but were executed and delivered by Morrison *861 and accepted by the petitioner merely as security for loans theretofore made and thereafter to he made. Such being the purpose of the deeds, they would be declared to be mortgages by the courts. Anglin v. Conly, 114 Ky. 741; 71 S. W. 926; Smith v. Headlee, 93 Ore. 257; 183 Pac. 20.
We also think the account became worthless and was charged off in 1921 within the meaning of the statute. Until his death Morrison appears to have entertained the hope that by the successful conclusion of one or more of the transactions pending in his business he would receive a sufficient amount of income to pay off his indebtedness to petitioner. The failure of the Morrisons to leave estates large enough to pay their debts did not render the debt worthless, as the property conveyed to petitioner had been appraised by a qualified appraiser at a value of $25,500 and petitioner was fully justified in believing that his loans were amply secured. It was not until the sale of the property in 1921 that petitioner could ascertain the amount of his loss.
The petitioner did not keep a set of books. In such cases a taxpayer is not required to make a formal charge-off of the debt to obtain the benefits of the statute. Robert Mitten, 11 B. T. A. 731.
From the sale of the property in 1921 petitioner realized the sum of $4,705. In addition thereto he recovered $1,000 of his loss from Irving J. Philipson, for which no credit appears to have been given. Petitioner’s loans having' amounted to $16,188.42, the amount he is entitled to take as a deduction is $10,483.42.

Decision will be entered imder Rule 50.