## SEWELL v. DAMRELL'S ADM'R.

:Court .of ·Appeals of Kentucky.

Feb. 19, 1954.

Rehearing Denied May 14, 1954.

Shumate & Shumate, J. P. Chenault, Carl F. Eversole, Richmond, for appellant.

Stanley Powell, Berea, George C. Robbins, Richmond, for appellee.

WADDILL, Commissioner.

This action was instituted by appellee, E. M. Damrell, administrator of the estate of Raymond Damrell, to set aside a deed that J. W. Gadd executed to the appellant, Mrs. H. M. Sewell, on June 24, 1946. The ground upon which the suit was predicated was that the conveyance was made in violation of KRS 378.010. The Chancellor found that the conveyance had been made to defeat the collection of appellee's judgment against the appellant's grantor and entered a judgment accordingly.

On January 29, 1946, J. W. Gadd shot and fatally wounded Raymond Damrell. Following Damrell's death, Gadd was indicted for murder and convicted of voluntary manslaughter during the May–1946 term of the Madison Circuit Court. This Court affirmed the judgment in Gadd v. Commonwealth, 305 Ky. 318, 204 S.W.2d 215.

On May 20, 1946, E. M. Damrell was appointed administrator of the estate of Raymond Damrell and on May 23, 1946, sued J. W. Gadd for damages for Raymond's wrongful death. On June 24, 1946, J. W. Gadd, by deed, conveyed to Mrs. H. M. Sewell a tract of land located south of Berea on U. S. Highway No. 25, for the recited consideration of $2,500. By another deed, dated July 22, 1946, Gadd divested himself of the remainder of his property (valued at $400) by a conveyance to his niece, Nora Gadd. The suit brought by Damrell's administrator against J. W. Gadd was tried on October 31, 1947, and resulted in a verdict and judgment in favor

of Damrell's administrator for $1,500. On January 1, 1948, J. W. Gadd died in the Kentucky State Reformatory. On July 25, 1949, after a proper proceeding for a revivor of the judgment had been taken, an execution was issued which was returned by the sheriff with an endorsement of "no property found."

On August 25, 1949, appellee brought this suit against the appellant, Mrs. H. M. Sewell, to set aside the deed of June 24, 1946, by which Gadd had conveyed to her the principal portion of his property, on the ground that the deed was executed for the sole purpose of fraudulently preventing the estate of Raymond Damrell from collecting its judgment against Gadd. The defense interposed was to the effect that the consideration paid for the land was adequate, and that at the time the conveyance was made Gadd was under the care of a physician and needed money to pay for his medical expense, the support of his aged mother, to compensate his lawyer, and to pay for the expense incurred by his trials. On final hearing the deed was set aside insofar as it prevented the collection of appellee's judgment. Mrs. Sewell appeals.

Mrs. Sewell admits she knew that J. W. Gadd had shot Raymond Damrell and that Damrell had died as a result thereof. She further concedes that she had knowledge of the fact that a suit for damages had been filed against Gadd by the administrator of Raymond Damrell's estate at the time she purchased the property from Gadd. However, she claims that she acted in good faith throughout the whole transaction.

KRS 378.010 provides:

"Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to delay, hinder or defraud creditors, purchasers or other persons, and every bond or other evidence of debt given, action commenced or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons. This section shall not affect the title of a

purchaser for a valuable consideration, unless it appears that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor."

A person who has a claim for damages against a grantor is a creditor within the meaning of the statute. Anglin v. Conley, 114 Ky. 741, 71 S.W. 926; Slater v. Sherman, 5 Bush 206; Lillard v. McGee, 4 Bibb 165; and a purchaser for a valuable consideration will not be protected if he has notice of the fraudulent intent of his grantor. Summers v. Taylor, 80 Ky. 429; Beadles v. Miller, Gardner & Co., 9 Bush 405.

The primary rule in cases of this character is that, in order to protect the purchaser, three things must concur: (1) His good faith must appear; (2) a consideration must pass at the time of the purchase and (3) it must be a fair equivalent of the thing bought. If any of these essentials are absent, the sale may be adjudged fraudulent under the statute. Allen v. Ligon, 175 Ky. 767, 194 S.W. 1050.

In view of the badges of fraud which attended the transaction now before us, we think the Chancellor had sufficient reason to question appellant's good faith in the matter. To illustrate: (1) The transfer by Gadd of substantially all of his property to the appellant shortly after the damage suit was filed against Gadd; (2) the execution of the deed to appellant at a time when Gadd was financially embarrassed; and (3) the method of handling the transaction which placed the proceeds of sale where it could not be reached by an execution.

In McDonough v. McGowan, 165 Ky. 425, 177 S.W. 277, 278, the Court said:

"It is the well-settled rule that, where badges of fraud attend upon a conveyance which is attacked as fraudulent, their effect is to shift to the grantee the burden of evidence, and he must rebut the inferences thereby created, and sustain the bona fide of the

transaction. Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454, 175 S.W. 992; Perry v. [H.] Krish [& Co.], 157 Ky. 109, 162 S.W. 555; Stix v. Calender, 155 Ky. 806, 160 S.W. 514; 20 Cyc. 439. If a transfer is made by one against whom there is pending an action for tort, this is a badge of fraud, especially where the conveyance leaves the grantor without any estate. Floyd v. Martin, 4 Ky.Law Rep. 891 (before action instituted); Lillard v. McGee, 4 Bibb, 165; Hale v. Proffit, 160 Ky. 440, 169 S.W. 851; Commonwealth v. Filiatreau, 161 Ky. 434, 170 S.W. 1182. And the conveyance herein attacked of all the property he owned, having been made while the action * * * was pending, it was incumbent on the grantee to meet and overcome the inference created by that fact and the subsequent insolvency of the grantor."

After a careful consideration of the case we have no doubt as to the correctness of the judgment entered by the Chancellor.

Judgment affirmed.