The BANK OF JOSEPHINE, a corporation, Appellant,

v.

John HOPSON et al., Appellees.

John HOPSON, and Roberta Calcote, Cross-Appellants,

v.

The BANK OF JOSEPHINE, Cross-Appellee.

Court of Appeals of Kentucky.

Nov. 22, 1974.

Joe Hobson, Prestonsburg, for appellant and cross-appellee.

Jarvis Allen, Paul C. Combs, Prestonsburg, for appellees and cross-appellants.

GEORGE F. WILLIAMSON, Special Commissioner.

This is an appeal and cross-appeal from a judgment resulting from a suit filed in the Floyd Circuit Court. The suit sought to hold appellee John Hopson indebted to the appellant Bank Josephine on a promissory note. It also sought to set aside, as fraudulent, a conveyance of real property made by Hopson and his wife to their daughter, Roberta Calcote. Floyd Federal Savings and Loan Association is the mortgagee of this property. The trial judge found Hopson liable on the note to the appellant but held that the conveyance in question was not in fraud of the Bank Josephine.

The lower court must be partially reversed on both its interpretation of the facts and its interpretation of the law. The facts are as follows: On May 18, 1964, appellee John Hopson executed a security agreement with the appellant Bank Josephine in the amount of $5,292.00. The appellee also executed and delivered to appellant a note in the same amount. This agreement was secured by a tractor and accessories. The sum was payable in monthly installments of $146.95. During 1965 appellee Hopson's business operation fell into financial difficulty. Nine judgments were entered by creditors against him to the total of $3,406.69. In January of 1966 Hopson's balance on the note in question, after payment of only five monthly installments, stood at $4,845.18. On July 22, 1966, the Bank Josephine sent notice to Hopson by registered mail stating the collateral on the security agreement would be sold at public sale. The notice met the requirements of KRS 355.9–504(3). Upon the sale of the collateral and accounting for repossession expenses the bal-

ance due on the note was $3,963.18. The same day as receiving notice of the proposed sale of collateral (July 25, 1966), appellee Hopson and his wife, Irene Hopson, executed a deed of their land (valued at $25,000.00) to their daughter, Roberta Calcote. The consideration given by appellee Calcote was one dollar and assumption of a mortgage held by appellee Floyd Federal Savings and Loan Association. Hopson has remained on the conveyed land since the transfer to his daughter. On February of 1969 appellant brought suit for the balance due on the note. At no instance in the pleadings did appellee Hopson affirmatively deny the execution of the security agreement and note.

■ The first question on appeal is whether the cross-appellant John Hopson is indebted on the note to the cross-appellee. We find Hopson to be so indebted. "Unless specifically denied in the pleadings each signature on an instrument is admitted." KRS 355.3–307.

■ The cross-appellants also suggest that no indebtedness exists because the Bank Josephine dealt with the collateral in a commercially unreasonable manner. We simply do not feel that the cross-appellants have proven any violation of KRS 355.9–503 to 355.9–505. The cross-appellee proceeded with a commercially reasonable public sale.

■ The second question to be considered is whether the conveyance from John and Irene Hopson to their daughter, Roberta Calcote, was a fraudulent conveyance to be set aside. We disagree with the trial court in its holding and declare that conveyance to be fraudulent. Paraphrased, KRS 378.010 states that every conveyance of any real or personal estate "made with the intent to delay, hinder or defraud creditors" shall be void against such creditors. Historically, the law has identified a number of badges that indicate this fraud. This case is fraught with such badges. A transfer by a debtor in anticipating a suit

against him is one badge of fraud. Allen v. Ligon, 175 Ky. 767, 194 S.W. 1050 (1917). In the *Allen* case a husband transferred land to his wife one day prior to a malpractice trial he was defendant in. As in *Allen* the Hopsons, knowing that the Bank Josephine was instituting legal proceedings to enforce the note and that some disposition was imminent, conveyed their real estate on the same day they received such notice. Another badge of fraud is the continued possession of the conveyed property by the grantor after the transfer. Jones v. Jones, 254 Ky. 475, 71 S.W.2d 999 (1934). Hopson, as Jones, remains on the land he had previously conveyed to his daughter till this day. In Trent v. Carroll, Ky., 380 S.W.2d 87 (1964), inadequacy of consideration was held to be yet another badge. In that instance a conveyance of 430 acres of farm land for $5,500.00 was found fraudulent not only on the basis of inadequate consideration but also because the grantor was left without any considerable estate for creditors to reach. In the present instance a likewise flagrantly inadequate consideration was given. Appellee Calcote acquired her parents' land, valued at $25,000.00, for one dollar and the assumption of their mortgage. The fact the Hopsons transferred the property to their own daughter must also be examined. Such inter familia transfers, surrounded by the aforementioned badges of fraud, call for more satisfactory explanations and greater elaboration of the details than shown by the appellees. Bolling v. Adams, Ky., 296 S.W.2d 696 (1956); Toomey v. Graber, 300 Ky. 788, 190 S.W.2d 480 (1945); Commonwealth v. Filiatreau, 161 Ky. 434, 170 S.W. 1182 (1914). Hayes v. Rodgers, Ky., 447 S.W.2d 597 (1968), summarizes our attitude toward this issue:

"Between persons closely related, such as husband and wife, the transaction must be closely examined to see that no subterfuge is employed. It is a badge of fraud for a debtor to transfer all or any appreciable part of his property when he is insolvent or financially embarrassed.

Pope v. Cawood, 293 Ky. 660, 170 S.W. 2d 55."

■ By the accumulation of these badges of fraud on the part of appellee Hopson, we must conclude that he and his wife conveyed the land fraudulently in violation of KRS 378.010.

We therefore find appellee John Hopson indebted on the promissory note executed in May of 1974, affirming the order of the trial judge. But we also hold the conveyance by appellee Hopson and his wife to their daughter a fraudulent conveyance against the appellant. We reverse the judgment of the Floyd Circuit Court in this regard and order that conveyance be set aside.

The judgment is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.

All concur.